### GRAY v. PRUDENTIAL INS. CO. OF AMERICA.

No. 27745. Feb. 1, 1938.

Rehearing Denied March 8, 1938.

Application for Leave to File Second Petition for Rehearing Denied March 29, 1938.

Shirk, Danner & Earnheart and George H. Shirk, for plaintiff in error.

A. K. Little and Byrne A. Bowman, for defendant in error.

GIBSON, J. This is an action in replevin instituted in the district court of Oklahoma county by John L. Gray against the Prudential Insurance Company of America, a corporation. From an adverse judgment, plaintiff below has appealed. The parties are here referred to as plaintiff and defendant, respectively.

The question involved on appeal is whether certain equipment installed in apartment buildings by the owner thereof became fixtures as a matter of law and passed under a real estate mortgage as fixtures free of any claim of a subsequent bona fide chattel mortgagee. If such was the circumstance, the plaintiff's chattel mortgage was inferior to the real estate mortgage of defendant, and the judgment of the trial court must be affirmed.

The property here under consideration is substantially of the same character and employed to the same use and purpose as that in the case of Mortgage Bond Co. v. Stephens, 181 Okla. 419 74 P. (2d) 361. There, as here, positive evidence of express intention of the owner as to whether the equipment was placed in the building as chattels or fixtures was wanting, and the court held that the property upon installation became fixtures; that the intention of the owner to install the equipment as fixtures was inferred from the circumstances.

If the intention of the owner may be inferred from the nature of the equipment as said in the above case, then the plaintiff here was charged with knowledge that he was dealing with realty and not personalty. Under the aforesaid decision such equipment becomes prima facie realty, or realty as a matter of law. The private intention of the owner becomes immaterial. Nothing short of an express agreement or estoppel would save such equipment from the operation of a real estate mortgage upon the premises, regardless of the date of the execution of such real estate mortgage.

Plaintiff says there was an express agreement or stipulation between the owner of the premises and the defendant under the terms of which a severance of the personalty in question was accomplished and his chattel mortgage recognized as superior to defendant's real estate mortgage.

The agreement referred to, executed subsequent to the two mortgages, contained a stipulation that as between the parties thereto the personalty here involved constituted fixtures and a part of the buildings located on the mortgaged premises. The agreement contained the further provision that said articles of equipment (describing them) "are at this time subject to the unpaid balance of the chattel mortgage covering the same made by said Charles Gray to John L. Gray in the sum of $2,000 dated June 10, 1932, and filed for record on July 13, 1932. It is expressly stipulated, however, that this instrument shall not be considered as giving the holder of the said chattel mortgage any lien upon the real estate above described."

It is said that this stipulation constituted an express agreement that plaintiff's chattel mortgage should be considered as superior to defendant's real estate mortgage.

But the defendant executing the written agreement in no manner changed its position with relation to the equipment. It merely agreed to its rights as then and theretofore existing as a matter of law concerning said property. The reference to the chattel mortgage was no more than a recognition of a private agreement between the mortgagor and the plaintiff accompanied by an express provision which in effect limited that agreement to the parties to the chattel mortgage. in that it was agreed that said chattel mortgage should not be a lien upon the realty, which, of course, included the equipment theretofore affixed.

The decision in Mortgage Bond Co. v. Stephens, supra, is controlling here and par-

graphs 1, 2 and 4 of the syllabus in that case are adopted and applied as the statement of the law governing the present case.

The judgment is therefore affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.

Supplemental Opinion on Rehearing.

HURST, J. The petition for rehearing complains of the following statement in the original opinion of the court:

"The property here under consideration is substantially of the same character and employed to the same use and purpose as that in the case of Mortgage Bond Company v. Stephens, 181 Okla. 419, 74 P.2d 361."

It is pointed out that the articles involved in this case were not listed in the opinion, and that a comparison of the chattels in the two cases discloses that they were not actually of the same character. An examination of the record in this case and the opinion in the Stephens Case, supra, reveals the merit of this contention in so far as the beds are concerned.

The articles involved in the Stephens Case were: (1) Refrigerators built into kitchen cabinets and connected with a central unit in the basement, the kitchen cabinets standing flat on the floor of the kitchen with the refrigerated part under the drain board of the sink; (2) gas ranges connected with the gas outlets in the wall by gas pipe unions: and (3) Murphy beds fastened to the wall on pivots.

The articles involved in the instant case are: (1) Gas steam radiators connected to gas pipes coming out of the wall; (2) gas stoves connected to pipes coming out of the wall; (3) refrigerators attached to a pipe coming from a central compressor located in the basement; and (4) roll-away or folding beds on wheels that are not attached to the walls or to any part of the building.

We held in the Stephens Case that chattels, such as involved there, to become fixtures need not be attached to the apartment building by the materials mentioned in section 11724, O. S. 1931, viz., cement, plaster, nails, bolts or screws. But we did not hold therein that the chattels involved could, or did, become fixtures without any attachment whatever. An examination of the articles dealt with in that case, and the manner of their annexation, is set out above. It can be seen that so far as the gas steam radiators, gas stoves, and refrigerators involved in this case are concerned, the method of their annexation is substantially the same as in the Stephens Case. Thus, being the same character, and employed to the same use and purpose as the property involved in the Stephens Case, they come within the rule therein announced and are fixtures.

But a different situation exists as to the beds. In the Stephens Case, the beds involved were Murphy beds fastened to the wall on pivots; while here, the beds are roll-away beds and are not fastened to the wall or any part of the building. Not being annexed in any way, they retain their character as chattels, and do not fall within the rule announced in the Stephens Case.

The original opinion of the court is hereby modified as to the roll away beds, and the judgment of the trial court as to that item is reversed, with directions to enter judgment for plaintiff. In all other respects the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, GIBSON, and DAVISON, JJ., concur. RILEY and PHELPS, JJ., absent.