HARTFORD FIRE INSURANCE COMPANY, a Corporation, Plaintiff in Error,

v.

Clyde BALCH, Norma Balch, and New York Fire Insurance Company, a Corporation, Defendants in Error.

No. 38511.

Supreme Court of Oklahoma.

Feb. 23, 1960.

Rehearing Denied March 15, 1960.

Hanson & Peterson, Oklahoma City, for plaintiff in error.

Sandlin & Daugherty by Hugh M. Sandlin, Holdenville, for defendants in error.

PER CURIAM.

By agreement of the parties a jury was waived and the cause tried to the court, and at the conclusion of the trial the court rendered judgment in favor of the plaintiffs and against the defendant Hartford Fire Insurance Company, and judgment in favor of the defendant, New York Fire Insurance Company, against the plaintiffs.

The facts are: The plaintiffs were the owners of a house, and Hartford Fire Insurance Company was the insurer of the contents, and New York Fire Insurance Company was the insurer of the dwelling. On August 24, 1956, the plaintiffs returned home from work to find the carpeting in the halls and three bedrooms soaked with water. As a result of the soaking the carpeting was damaged and later replaced for a loss in the net amount of $686.22.

The flooding also caused damage to hardwood flooring which was located only

in the closets and damage resulting from the repair of a water pipe to the concrete slab foundation. This damage was in the amount of $361.74.

The New York Fire Insurance Company paid the plaintiffs for the damage to the dwelling and is not a party to this appeal.

The Hartford Fire Insurance Company, on appeal, first contends that the trial court erred in finding that the carpeting was personal property, and second that an explosion occurred in the hot water system. The finding of the court is as follows:

"The Court further finds that the wall to wall carpeting which was destroyed and made worthless, was personal property and covered under the terms of the insurance policy issued by the defendant, Hartford Fire Insurance Company.

"The Court further finds that said wall to wall carpeting was destroyed and made worthless by an explosion occurring in the hot water line located in the home of the plaintiffs, and said destruction did not happen from any of the causes excepted in the policy of the defendant, Hartford Fire Insurance Company, a Corporation."

■ The evidence as to the carpeting was; that the rug pad was cemented around the edges in order to keep it from crawling or getting loose. The rug was nailed with small cement nails underneath the molding where there is a small piece of wood nailed to the floor around the edges of the room; that the carpeting could be removed, but that some molding was replaced after the carpeting was removed.

It appears to us from the above evidence that the small amount of glue used around the edges of the pad, and the small tacks on the edges of the carpet were for the purpose of holding it in place and not for fixing it permanently to the floor.

Title 60 O.S.1951 § 7, provides:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

■ In Gray v. Prudential Ins. Co. of America, 182 Okl. 342, 77 P.2d 563, 564, we held:

"In determining whether chattels become fixtures, actual or constructive annexation to realty, or something appurtenant thereto, appropriateness to the use or purpose of that part of the realty with which it is connected, and the intention of the party making the annexation to make a permanent accession to the freehold, must be considered."

The evidence as to whether the owners of the carpeting intended for it to become a part of the dwelling is negatived by their giving a real estate mortgage on the dwelling and not including the carpeting.

The question whether the carpeting in this case was personal property, or was so attached to the dwelling that it became a part of it, must be decided by the manner in which it is attached along with other circumstances shown. We find from an examination of all the evidence on this subject that the manner in which it was attached is not of such a permanent nature as to make it a part of the dwelling. We also find that it was not intended by the plaintiffs that the carpeting become a part of the dwelling.

We hold under the facts in the case that the trial court was correct in holding that the carpeting was personal property.

■ On the second proposition Hartford contends that there was not sufficient evidence to show that an explosion occurred in the hot water system. There is no question but that the damage was caused by water escaping from the hot water system. The place of such escape was discovered, and as to the item of explosion there was testimony by experienced and competent witnesses as to the condition found which

justified the conclusion that the breakdown or break in the copper pipe connection resulted from excessive temperature and pressure and that it could not have been a gradual giving away, but it was an abrupt breaking and in the nature of an eruption or explosion, resulting from the excessive pressure and the failure of the safety plug to blow and relieve the pressure.

In Beckman, Inc. v. May, Okl., 331 P.2d 923, 925, in syllabus 5, by the court, we held:

"Where it is contended that the jury's verdict and trial court's judgment based thereon is not sustained by the evidence, such contention on appeal will be held without merit if there is any evidence, though conflicting, reasonably tending to support such verdict and judgment."

In Evans v. Columbian Ins. Co., 44 N.Y. 146, 151, 4 Am.Rep. 650, it was said:

"Webster gives the definition of 'explode' thus: 'To explode; to burst forth as sound; to burst and expand with force and a violent report, as by an elastic fluid.' He defines 'burst' to 'break or rend by force or violence.' There is no difference in these definitions. It is a common, perhaps not refined, expression that the boiler has burst. Others would say that there has been an explosion. Explosion is defined as a sudden expansion of the parts of a body. In the new American Encyclopedia, the same definition is given, with the addition, 'by its component parts acquiring a great increase of bulk.'"

In Commercial Union Fire Ins. Co. of New York v. Bank of Georgia, 5 Cir., 197 F.2d 455, 456, it was held:

"(1) An explosion is a rapid, sudden, and violent expansion of air or relinquishment of energy, causing a rupture and accompanied by a loud noise, not necessarily extremely loud. * *"

From an examination of the evidence we find it sufficient to reasonably tend to support the decision and judgment of the trial court.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.