# Hartford National Bank and Trust Company v. Clifton Godin and Pauline Godin and Greenfield Savings Bank

[398 A.2d 286]

No. 90-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*DeBonis and Wright, P.C.*, Poultney, for Plaintiff.

*McCarty & Rifkin*, Wilmington, for Greenfield Savings Bank.

**Larrow, J.** This is an appeal, by permission, from a judgment of foreclosure entered below in favor of plaintiff Hartford National Bank and Trust Company against defendant-intervenor Greenfield Savings Bank. The action originally sought replevin against the defendants Godin to recover possession of a mobile home conditionally sold to them in New Hampshire, and later brought by them to Halifax, Vermont, and installed upon a permanent foundation. The Godins owned the land upon which the mobile home was installed, and had given a prior mortgage on the premises to Greenfield. The conditional sale contract was assigned to Hartford when it was executed, May 10, 1973. A U.C.C. financing statement, giving notice of the transaction, was filed with the Halifax Town Clerk on July 11, 1975. The Greenfield mortgage was dated October 27, 1972, and recorded the next day.

■ At issue is the priority of lien between the plaintiff Hartford and the defendant-intervenor Greenfield. No claim is made that there were any further advancements made by Greenfield after the mobile home transaction. Greenfield claims that by affixation to the mortgaged real estate the mobile home became a part of its security, with its lien prior to that of Hartford. Hartford claims priority under 9A V.S.A. § 9—313, relating to the priority of security interests in fixtures. This is the only issue for our determination, the Godins having settled with Hartford and being no longer in interest.

The trial court concluded, we think correctly, that the mobile home became a fixture with its installation on the mortgaged premises. Clear intent to make it part of the realty was evidenced by a concrete block foundation, attached steps, a connected septic system, and encasement of the foundation in aluminum foundation siding. The three criteria which we examined at length in *Sherburne Corp.* v. *Town of Sherburne*, 124 Vt. 481, 207 A.2d 125 (1965) are met. There is annexation to the realty, adaptation to the use of the realty, and an intent to make the property a part of the real estate. The mobile home became, as Greenfield contends, a fixed residence. The only consequence flowing from this, however, is that it is subject to the Greenfield mortgage. Whether that mortgage lien has priority over the security interest of the plaintiff Hartford is governed by the applicable statute.

■ 9A V.S.A. § 9—313 is our enactment of the applicable section of the Uniform Commercial Code. It relates to the priority of security interests in fixtures, excluding building materials from the definition but leaving state law other than Title 9A to determine when other goods become fixtures. 9A V.S.A. § 9—313(1). Under our statute (enacted prior to the Final Report of the Review Committee for Article 9 of the Uniform Commercial Code), a security interest which attaches to goods before they become fixtures takes priority, as to the goods, over real estate interests with certain exceptions. 9A V.S.A. § 9—313(2). These exceptions are for subsequent purchasers for value, creditors with real estate liens subsequently obtained by judicial proceedings, and creditors with prior encumbrances of record on the real estate to the extent of subsequent advances. 9A V.S.A. § 9—313(4). These three categories, under the statute, take priority over the prior attaching security interest (here, that of Hartford) if the purchase is made, the lien obtained, or the advance made or

contracted for, without knowledge of the security interest and before it is perfected. Admittedly, Greenfield cannot qualify under any one of the three categories. The first two are totally inapplicable, and no advances were made by Greenfield under its mortgage subsequent to its execution.

There can be no doubt in the instant case that the security interest here asserted by Hartford attached at the time the mobile home was purchased. The Uniform Act draws a clear distinction between when a security interest attaches and when it is perfected. The security interest attaches when there is an agreement that it attach, value is given, and the debtor has rights in the collateral. 9A V.S.A. § 9—204(1). For a fixture, it is perfected by the filing of a financing statement with the appropriate office. 9A V.S.A. § 9—302(1)(d). In the instant case, because the security interest now asserted by Hartford *attached* to the collateral before it became a fixture, the time of *perfecting* the interest becomes immaterial. The security interest has priority, under the statute, over a mortgage which existed prior to affixation and under which no good faith advances were subsequently made.

The judgment order of the trial court was substantially in compliance with the views we have expressed, in that it assessed the amounts due under the installment contract and accorded Greenfield a period of redemption. Failing such redemption, the judgment provided for issuance of a writ of replevin, as stipulated to by the Godins. We must, however, remand for a new judgment order, inasmuch as the original redemption period has expired and the amounts involved have, of course, increased. The new judgment order should also implement the provisions of 9A V.S.A. § 9—313(5), relating to reimbursement for cost of repair of physical injury occasioned by removal of the collateral from the premises.

*Remanded for entry of new judgment order in accordance with the views herein expressed. Costs to plaintiff in each court.*