**LEE'S MOBILE HOMES, INC.,
Plaintiff-Respondent,**

v.

**Archie GROGAN, Defendant-Appellant.**

No. 11728.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1981.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

Harold F. Glass, Schroff, Glass & Newberry, Springfield, for plaintiff-respondent.

MAUS, Chief Judge.

By Count I of its petition, the plaintiff sought to replevin a mobile home purchased

from the plaintiff by the defendant and his daughter Freda Grogan. The plaintiff asserted it was entitled to possession because of default in the payment of an obligation secured by a purchase money security agreement. The defendant's answer was a general denial and an allegation the plaintiff misrepresented the purchase price. Upon a separate trial of this claim, a jury returned a verdict awarding the plaintiff possession of the mobile home and fixing its value at $20,000. Judgment was entered in accordance with the verdict. On appeal[1] the defendant has raised two points of error, both premised upon the assertion that upon installation the mobile home became a fixture, that is real property.[2]

Upon this review, the evidence and all reasonable inferences therefrom supporting the verdict must be accepted and the defendant's evidence disregarded except where it supports the verdict. *Smoot v. Marks*, 564 S.W.2d 231 (Mo.App.1978). As so considered, the following is a summary of the evidence necessary for the consideration of the basic premise upon which the defendant relies. Upon the purchase of the mobile home, the defendant and his daughter Freda Grogan, as Buyers-Debtors, and the plaintiff, as Seller-Secured Party, executed a Security Agreement-Retail Installment Contract. This instrument granted the plaintiff a security in the mobile home to secure the unpaid balance of the purchase price, which was payable in monthly installments. In customary terms, the security agreement gave the plaintiff the right to possession of the collateral upon default in the payment of any installment. It expressly provided "the Mobile Home herein described shall at all times be and continue to be personal and not real property, regardless of where located and howsoever placed upon any lot or tract of land."

1. While neither party has questioned the finality of the judgment from which the defendant has appealed, this court has considered that question. By virtue of V.A.M.R. Civil Rule 81.06, the judgment is appealable.

2. "Characterization of an item as a fixture, something otherwise personal but attached to realty under such circumstances as to become

Employees of the plaintiff installed the mobile home upon a concrete basement foundation designed for the mobile home. It was located upon a tract of real property owned by Freda Grogan and others. The defendant lived in the mobile home from the time of installation and including the time of trial. He paid eleven installments and then defaulted. He refused to surrender possession of the mobile home to the plaintiff.

The arguments of and cases cited by the parties center upon whether or not there is evidence of the three elements by which an item of personalty is converted into a fixture as outlined in *Sears, Roebuck & Co. v. Seven Palms Motor Inn*, 530 S.W.2d 695 (Mo. banc 1975). The defendant insists there was evidence of each of those elements and the mobile home became real property and replevin does not lie. On the other hand, the plaintiff argues that, at least as between the parties, there is no evidence of the element of intent as its absence was conclusively established by the agreement the mobile home remain personal property. There is authority to support his position.

> Where, as here, no rights of third parties are involved, the first and best test to be applied, in order to determine whether or not machinery attached to realty remains personal property or becomes a part of the realty, is the intention of the parties. When necessary, other tests may be applied in determining this question, but where, as here, the intention of the parties may be determined from their contract, such intention should control, regardless of other tests and rules of law which are applied in determining the question, in the absence of the expressed intention of the parties. *Kolb v. Golden Rule Baking Co.*, 222 Mo.App. 1068, 1075, 9 S.W.2d 840, 844 (1928).

part of it, depends upon the finding of three elements: annexation to the realty, adaption to the use to which the realty is devoted, and intent of the annexor that the object become a permanent accession to the freehold." *Sears, Roebuck & Co. v. Seven Palms Motor Inn*, 530 S.W.2d 695, 696 (Mo. banc 1975).

This court concurs with that proposition. This proposition is akin to the proposition that the defendant is estopped from asserting the mobile home became real property. The latter proposition is likewise supported by the authorities. Annot., Estoppel As To Fixture, 60 A.L.R.2d 1209.

However, there is even a more absolute reason the defendant's position is unsound. The conversion of a mobile home into real property is the subject of a statute in this state. V.A.M.S. § 700.110 in part provides:

1. The owner of a mobile home may convert his mobile home to real estate by:

(1) Attaching his mobile home to a permanent foundation; and

(2) The destruction or modification of the vehicular frame rendering it impractical to reconvert the real property thus created to a mobile home; and

(3) If a lien is noted on the certificate of title, tendering to the secured party a deed of trust or mortgage on the real estate upon which the mobile home is to be located in the unpaid amount of the secured debt, and with the same priority as or a higher priority than the secured party's lien, or obtaining written consent of the secured party to the conversion.[3]

The statute is obviously applicable to the classification of a mobile home for the purpose of ad valorem taxation. By reason of paragraph 1(3) it is equally obvious the legislature intended the statute to pertain to the protection of security interests. The defendant introduced in evidence copies of instruments on file with the Department of Revenue. These documents included an application for a certificate of title to the defendant and Freda Grogan. This set forth the existence of a security interest in favor of the plaintiff. The parties then stipulated that a title was issued to the

defendant and Freda Grogan. There is no evidence a deed of trust was tendered to the plaintiff. Further, while there was evidence the tires, axles and tongue were removed from the mobile home in question, there is no evidence of the destruction or modification of the frame as specified in the statute. In summary, there was no evidence that the statutory requirements for the conversion of the mobile home into real property had been met.[4] It was not necessary to join as parties to the action the owners of the real property. *First National Bank of Clayton v. Trimco Metal Products Company*, 429 S.W.2d 276 (Mo.1968). The proposition upon which defendant's points were based being untenable, the judgment is affirmed.

PREWITT, P. J., and HOGAN, J., concur.

BILLINGS, J., recused.

---

3. For the disposition of this case this court need not consider the relationship between the common law elements and the statutory elements nor the applicability of the statute in a dispute involving a third party, such as a bona fide purchaser of the tract of real property.

4. Had the mobile home been converted to a fixture, the rights of the parties would have been governed by § 400.9–313, which in the circumstances of this case preserved the plaintiff's security interest. *Waters v. Union Bank of Repton*, 370 So.2d 957 (Ala.1979); *Hartford Nat. Bank & Trust Co. v. Godin*, 137 Vt. 39, 398 A.2d 286 (1979).