Bernard PARSONS, Appellee,

v.

LENDER SERVICE, INC., Appellant.

No. 72699.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 21, 1990.

Rehearing Denied Oct. 16, 1990.

Certiorari Denied Dec. 4, 1990.

**740**

James M. Hinds, Tulsa, for appellant.

Joe L. Heaton, Oklahoma City, for appellee.

## OPINION

GARRETT, Presiding Judge:

Bernard Parsons (Appellee) filed this action in the district court against Lender Services, Inc. (Appellant) to quiet title to certain real property which included a mobile home located thereon. Appellant cross-petitioned for replevin of the mobile home. The subject real property is described as follows:

> Lot 44 of Valley View Estates, being a part of the NE/4 of Section 32 and the NE/4 of Section 33, Township 15 North, Range 2 West of the Indian Meridian, Logan County, Oklahoma.

Appellant brings this appeal from the trial court's order granting judgment and quieting title to the property in favor of Appellee.

The factual background is as follows: Appellee sold some land in 1980 to an entity which is not a party to this appeal, Western World Properties (Western). Western gave Appellee a note and mortgage to finance the purchase. Western subdivided the tract, known as Valley View Estates, for residential lots and sold Lot 44 to Mr. and Mrs. Lester Coy in 1983 (the Coys). The Coys purchased a mobile home, financed through Appellant, and placed it on Lot 44. The Coys gave Appellant a security interest in the mobile home, and Appellant's security interest was noted on the title. However, Appellant did not file a fixture filing with the county records in Logan County. Neither the Coys nor Western obtained a release of Appellee's mortgage. Western gave Appellant a lien-fixture waiver, on which the Coys were noted as owners of the mobile home, agreeing the mobile home would remain personal property "notwithstanding the manner in which it is affixed to the said real estate, . . .", thereby waiving any lien rights it may have to the mobile home under the law.

The mortgage held by Appellee went into default. Appellee filed a foreclosure action against Western and became the owner of the property at a sheriff's sale through a sheriff's deed.

Appellant contends in this appeal: (1) Appellant's interest in the mobile home is superior to Appellee's claim; (2) Appellee is not entitled to equitable relief; and (3) the trial court should have distinguished the factual differences between this case and *C.I.T. Financial Serv. v. Premier Corp.*, 747 P.2d 934 (Okl.1987).

■ If the mobile home is a "fixture", the party holding a security interest in it must file its lien with the county land records, pursuant to 12A O.S.Supp.1987 § 9–401. The Supreme Court, in *C.I.T. Financial Serv.*, supra, at page 936, cited 60 O.S.1981 § 7, defining "fixture," [1] and listed three factors to consider to determine whether something is a fixture:

(1) The actual or constructive annexation to the realty, or something appurtenant thereto, (2) the appropriateness to the use or purpose of that part of the realty with which it is connected, and (3) the intention of the party making the annexation to make it a permanent accession to the freehold. (Citations omitted).

The mobile home is a fixture under the guidelines above pursuant to certain "Stipulations of Fact" filed by the parties in the instant case:

1. The subject mobile home is situated on a foundation consisting of poured-concrete footing, with concrete blocks located thereon. The foundation runs around the full perimeter of the home.

2. The wheels have been removed from the home.

3. The "skirting" around the home is brick and mortar; this brick wall is approximately three feet in height, surrounds the home, and matches and ties in with brick retaining walls, patio drives and the like surrounding the home. The plat restrictions for Valley View Estates (para. IV) require any mobile home located in the subdivision to be "skirted with permanent materials" but do not specifically require brick mortar to be used....

4. Brick and mortar steps have been constructed at the entrance to the home.

5. The home is hooked-up to gas, electricity, water and telephone lines, and is connected to a septic tank system.

6. The "tongue" or "hitch" for the mobile home has been completely removed.

7. It is possible to replace the wheels and/or reconstruct the tongue if necessary to move a home of this sort. Plaintiff [Appellee] does not concede the relevance of this stipulation.

8. The mobile home was moved on to Lot 44, Valley View Estates, in 1983, and has stayed continuously at that location since.

.    .    .    .    .

12. Valley View Estates is a real estate subdivision. Its plat restrictions designate each lot therein as a "residential building plot" (para. I) and prohibit commercial activity thereon (para. III). Defendant does not concede the relevance of this stipulation.

■ Because we find the mobile home to be a fixture, we must decide whether Appellant's security interest nevertheless has priority over that of Appellee. Appellant directs us to 12A O.S.Supp.1985 § 9–313(5):

(5) A security interest in fixtures, whether or not perfected, has priority over the conflicting interest of an encumbrancer or owner of the real estate when:

(a) the encumbrancer or owner has consented in writing to the security interest or has disclaimed an interest in the goods as fixtures; or

(b) the debtor has a right to remove the goods *as against the encumbrancer or owner.* If the debtor's right terminates, the priority of the security interest continues for a reasonable time. (Emphasis added).

Appellant contends that because Western agreed that the mobile home would remain personalty and that Appellant could remove the mobile home from the lot, that it has priority under § 9–313(5). We disagree. Perhaps Appellant, according to the lien/fixture waiver, could remove the home as against Western, but we must determine whether anyone could remove it *as against Appellee*, "the encumbrancer or owner". See § 9–313(5)(b). It is clear that Appellee gave no rights to Western, or any

---

1. 60 O.S.1981 § 7 provides:
A thing is deemed to be affixed to land when it is attached to it by roots, as in case of trees, lines, or shrubs or embedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, by means of cement, plaster, nails, bolts or screws.

other party, to remove the home from the realty. Appellee did not consent to the security interest in the mobile home or disclaim his interest in it. As Appellee notes in his brief, his mortgage prohibits removal of any part of the collateral. Thus, § 9–313(5) is unavailable to Appellant.

We are further guided by *C.I.T. Financial Serv.*, supra, as to whether the waiver executed by Western has any relevance to the priority between Appellant and Appellee. There was a similar waiver in that case, and as is the situation in the instant case, the secured party with the prior interest (Appellee) was not a party to the waiver. The Court stated, at page 937:

"Although a court would normally enforce such a provision as between the parties to the agreement, such provision is of de minimus effect in determining an issue between third parties not bound thereby ... [A] contract provision providing that a chattel not become a fixture is binding only upon parties to the agreement and those having notice of it." (Citations omitted).

Because 12A O.S.Supp.1985 § 9–313(5) is inapplicable, we must look to subsection 7 of § 9–313, which provides:

(7) In cases not within the preceding subsections, a security interest in fixtures is subordinate to the conflicting interest of an encumbrancer or owner of the related real estate who is not the debtor.

Appellant contends the result in this case is inequitable. It contends that the commission of a "technical violation", i.e., failing to make a fixture filing, but obtaining a fixture waiver from the owner of the land, should not result in losing collateral on which a great deal of money was lent. Appellant asserts this creates a forfeiture for Appellant and a windfall to Appellee. However, Oklahoma law provides a method by which Appellant could have protected itself, thereby receiving priority over Appellee's mortgage, if it had chosen to do so. See 12A O.S.Supp.1985 § 9–313(4)(a):

(4) A *perfected security interest* in fixtures has priority over the conflicting

interest of an encumbrancer or owner of the real estate when:

(a) the security interest is a purchase money security interest; the interest of the encumbrancer or owner arises before the goods become fixtures; the security interest is perfected by a fixture filing before the goods become fixtures or within ten (10) days thereafter, and the debtor has an interest of record in the real estate or is in possession of the real estate; .... (Emphasis added).

Appellee's mortgage specifically covers "buildings and improvements now or hereafter located thereon, and fixtures therein...." Because the security interest of Appellee is entitled to priority over that of Appellant, we hold the trial court's order quieting the title in favor of Appellee should be and is AFFIRMED.

HUNTER, V.C.J., and HANSEN, J., concur.