SHELTER AMERICA CORPORATION, a Colorado Corporation, Appellant,

v.

James RAY and Barbara Ray, Appellees,

and

Jack Calvin Burchfield, Defendant,

and

Bakco, Inc., Intervenor/Appellee.

No. 71782.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 16, 1990.

As Corrected Dec. 5, 1990.

Rolando Davila, Oklahoma City, for appellant.

R. Patrick Gilmore, Chandler, for appellees, James and Barbara Ray.

Danny R. Beltz, Stroud, for appellee, Bakco, Inc.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant (SAC) brought this action seeking possession of a mobile home situated on land owned by Appellees James and Barbara Ray (Rays). Rays counterclaimed, contending they had a prior right. Appellee BAKCO, which held a mortgage on the Rays' land, intervened, also contending its rights to the mobile home were superior to SAC's. The trial court found for Rays and BAKCO. We affirm.

The mobile home was originally sold to Jack Burchfield in July 1981, with the security agreement given by Burchfield assigned the same day to Western Federal Savings and Loan. SAC is the successor in interest to Western Federal. The sales contract provided that the home would be located in Oklahoma City. It was subsequently moved to Stroud, Oklahoma. The record does not reflect the date it was moved, nor that Burchfield gave SAC notice. The home was located on property sold by BAKCO to Burchfield in 1977. Burchfield made no payments on the home after December 1985, and the record indicates he left the state at about that time. A default judgment was entered against Burchfield. He is not a party to this appeal. In an unrelated action, BAKCO recovered the property from Burchfield, with the mobile home on it, and sold the property to Rays in May 1986, taking back a mortgage.

It was uncontroverted that SAC had filed a lien entry form on the mobile home with the Oklahoma Tax Commission in August 1981, that a lien was entered on the vehicle certificate of title issued by the Tax Commission, and that SAC did not made a "fixture filing" pursuant to 12A O.S.1985 Supp. § 9–313. Both Rays and BAKCO deny actual notice or knowledge of SAC's security interest prior to filing of this action in the trial court.

SAC briefs six separate propositions alleging error by the trial court. However, each is essentially based upon a single argument, i.e. the trial court erred in not ruling SAC was entitled to judgment as a matter of law based upon application of statutes cited. We therefore will not discuss each proposition, only the underlying argument.

■ SAC's position—repeatedly asserted in its motion for summary judgment, motion in limine, demurrer, argument on the merits and on appeal—is that entry of the lien on the certificate of title was the *exclusive* procedure for perfection of a security interest in a mobile home under Oklahoma law. The corollary of this argument is that there would be no need for any other type of filing. In support of this position SAC cites 47 O.S.1989 Supp. § 1110, particularly § 1110(E), and 12A O.S.1985 Supp. § 9–302. Rays counter that the mobile home became affixed to the real property, requiring a "fixture filing" pursuant to 12A O.S.1985 Supp. § 9–313. We find Rays argument more persuasive.

When SAC filed its lien entry form, and the certificate of title reflecting the lien, the mobile home was a vehicle within the definition of that term in Title 47—Motor Vehicle Code. The portion of that Code relevant here, 47 O.S.1989 Supp. § 1110(A)(1), provides:

> ... a security interest ..., in a vehicle as to which a certificate of title may be properly issued by the Oklahoma Tax Commission shall be perfected only when a lien entry form ... and, ... are delivered to the Commission ...
> and,

> The filing ... of a security interest, pursuant to the provisions of Title 12A of the Oklahoma Statutes ... shall not be applicable to perfection of security interests in vehicles as to which a certificate of title may be properly issued by the Commission, ...

Further, SAC points out that in accordance with 12A O.S.1985 Supp. § 9–302(3)(b), filing of a financing statement is not "necessary or effective" to perfect a security interest, where property is subject to a statute providing for indication of the security interest on a certificate of title.

SAC argues these two statutory provisions clearly warrant a finding that its security interest was properly perfected and that it is entitled, as a matter of law, to priority in interest. However, SAC fails to recognize the change in the nature of the property. If the mobile home had remained a vehicle (personalty), Title 47 would have remained the relevant authority. However, the trial court determined, and we agree, that upon becoming affixed to the property on which it was situated, the home became real property. *C.I.T. Financial Serv. v. Premier Corp.*, 747 P.2d 934 (Okla.1987).

[2] In an action tried to the court, with the jury waived, the findings will not be disturbed on appeal if there is any competent evidence to support them. *Pracht v. Oklahoma State Bank*, 592 P.2d 976 (Okla. 1979). In *C.I.T. Financial Serv. v. Premier Corp.*, 747 P.2d at 936, the Supreme Court identifies three factors to consider in determining whether an item is a fixture and not removable: (1) actual or constructive annexation to the realty (2) appropriateness to the use or purpose of that part of the realty with which it is connected and (3) intention of the party making the annexation to make it a permanent accession to the freehold. The evidence established that the wheels and axles had been removed; that the home had been connected to city plumbing, electricity, telephone and central air-conditioning; that a small deck was connected to the home and a "breezeway structure" had been built over and between the mobile home and a permanent

frame home and that the mobile home had been and continued to be used as a residence. While SAC looks at this same evidence and argues that the mobile home is removable without substantial damage to the home or the realty, we find the evidence is sufficient to support the trial court's findings that the home had become a fixture, requiring a special filing under 12A O.S.1985 Supp. § 9–313.

■ Finally, SAC argues that 47 O.S. 1989 Supp. § 1110(E) expressly provides its security interest, perfected pursuant to that section, has priority over the conflicting interest of an owner or mortgagee of real property upon which the mobile home became affixed. That provision would be dispositive, *if* it had been in effect when SAC initially perfected its security interest under the Motor Vehicle Code in 1981. We hold § 1110(E) may not be given retrospective application. Generally, in the absence of legislative intent expressly declared or implied, statutes are presumed to operate prospectively only, unless they are procedural or remedial, without affecting substantive rights. *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 692 P.2d 1364 (Okla.1984); *Phillips v. H.A. Marr Grocery Company*, 295 P.2d 765 (Okla.1956).

SAC's first contention regarding retrospective application of § 1110(E) would suggest that the phrase "perfected pursuant to this section", reflects a legislative intent to have the 1988 amendment apply to security interests perfected since *any part of* the section, or its predecessor, came into effect. However, SAC's argument is conclusionary, citing no authority to support its interpretation, nor are we aware of any. The phrase in question was not in § 1110 at the time SAC had the security interest entered on the certificate of title, but was added with the amendment, since § 1110(E) was entirely new. We find nothing to persuade us the intention was not to give priority to security interests perfected pursuant to § 1110 only *after* amendment.

We also cannot agree with SAC's contention that § 1110(E) is merely procedural, without substantive effect. Under the law in effect before the amendment, both the owners and mortgagees of real property had priority of interest over a security interest holder who failed to make a fixture filing under the facts here. Certainly, putting the security interest holder in a superior position would affect a substantive right of the owners and mortgagees. The record reveals counsel and the trial court agreed the pre-amendment law was a cause for concern among holders of security interests in mobile homes. It seems equally clear the purpose of the amendment was to provide certainty of priority. SAC's suggestion that lenders will refuse to provide financing for mobile homes if they have to continually monitor the status of the homes is meritless in view of the § 1110(E) amendment.

Finding no legislative intent for retrospective application of § 1110(E), and further finding that a "fixture filing" was required but not done, we hold the trial court did not err in refusing to rule, as a matter of law, that SAC was entitled to judgment. We further hold there was sufficient competent evidence to support the trial court's finding that the mobile home had become a fixture, requiring a special filing by SAC to perfect its security interest, and that in the absence of such a filing Rays and BAKCO were entitled to priority of interest.

Rays' request for appellate attorney fees is denied.

AFFIRMED.

HUNTER, V.C.J., and GARRETT, P.J., concur.