**In re Betty Ann EARLS, Debtor.**

**Joseph Q. Adams, Trustee, Plaintiff–Appellee,**

v.

**Greenpoint Credit Corporation, Inc., Defendant–Appellant.**

**BAP No. EO–99–061.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 7, 1999.

**102**

Before PUSATERI, CLARK, and BRUMBAUGH, Bankruptcy Judges.[1]

## ORDER AND JUDGMENT

PUSATERI, Chief Judge.

Creditor Greenpoint Credit Corporation, Inc. ("Greenpoint"), appeals the bankruptcy court's decision determining that under Oklahoma law, a manufactured home is a "vehicle" so that a lien on the home is perfected by having it noted on the title to the home. The court held that such a lien is not automatically perfected under the Uniform Commercial Code ("UCC") even if the home is a "consumer good" under Article 9 of the UCC. For the reasons stated below, we affirm.

1. Honorable Roland J. Brumbaugh, United States Bankruptcy Judge, United States Bank-

## I. Background

In November 1998, the debtor bought a two-piece manufactured or mobile home, commonly known as a "double-wide," from an Oklahoma dealer and apparently arranged to have it placed on property in Oklahoma. In the record, the home is referred to interchangeably as a "manufactured home" and a "mobile home"; we see no need to distinguish between the terms in this appeal. The dealer financed the sale and took a security interest in the home, but immediately assigned its rights to Greenpoint. Neither the dealer nor Greenpoint took any steps to perfect the security interest until over two months later, when Greenpoint submitted a lien entry form to a motor license agent of the Oklahoma Tax Commission. The debtor filed for bankruptcy about six weeks after that.

The trustee sued under 11 U.S.C. § 547 to avoid as a preference the perfection of the lien accomplished through the lien entry form. Greenpoint conceded its lien could be avoided unless the security interest was automatically perfected under Article 9 of the Oklahoma UCC as soon as it was granted. The bankruptcy court ruled in favor of the trustee.

## II. Discussion

The premise of Greenpoint's argument on appeal is simple: perfection of the lien on the home was governed by Article 9 of the UCC because the home is a "consumer good," not a "vehicle" for which perfection would be governed by provisions outside the UCC. Section 9–302 of the Oklahoma UCC provides in pertinent part:

(1) A financing statement must be filed to perfect all security interests except the following:

. . .

(d) A purchase money security interest in consumer goods except for a

ruptcy Court for the District of Colorado, sitting by designation.

vehicle as provided in paragraph (i) of this subsection; or . . .

(i) A security interest in a vehicle as defined in Section 1110 of Title 47 of the Oklahoma Statutes for which a certificate of title may be properly issued by the Oklahoma Tax Commission, except as otherwise provided for in Section 1110 of Title 47 of the Oklahoma Statutes.

Okla.Stat.Ann. tit. 12A, § 9–302(1)(d) & (i) (1998 Supp.). Subsection (i) was added to the statute in 1984, *see* 1984 Okla.Sess. Laws, ch. 76, § 50, p. 258, 303 (eff. Nov. 1, 1984), and subsection (d) was added the next year, *see* 1985 Okla.Sess.Laws, ch. 98, § 1, p. 296, 296 (eff. May 28, 1985). The substance of each subsection has remained the same since it was added. Greenpoint contends the home was covered by subsection (d) and did not fit within the exception established in subsection (i) because it is not a "vehicle."

However, § 1110 of title 47 of the Oklahoma Statutes provides in pertinent part:

A. 1. . . . [A] security interest, as defined in Section 1–201 of Title 12A of the Oklahoma Statutes, in a vehicle as to which a certificate of title may be properly issued by the Oklahoma Tax Commission shall be perfected only when a lien entry form, and the existing certificate of title, if any, or application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the security agreement and the required fee are delivered to the Commission or to a motor license agent. . . . The filing and duration of perfection of a security interest, pursuant to the provisions of Title 12A of the Oklahoma Statutes, including, but not limited to, Section 9–302 of Title 12A of the Oklahoma Statutes, shall not be applicable to perfection of security interests in vehicles as to which a certificate of title may be properly issued by the Commission, except as to vehicles held by a dealer for sale or lease. . . . In all

other respects Title 12A of the Oklahoma Statutes shall be applicable to such security interests in vehicles as to which a certificate of title may be properly issued by the Commission.

. . . .

E. *The priority of a valid security interest in a manufactured home,* including without limitation a mobile home or sectional home, *perfected pursuant to this section,* shall not be affected by reason of the manufactured home becoming a fixture or otherwise being permanently attached to real property after the date of perfection of the security interest. *A security interest in a manufactured home perfected pursuant to this section* shall have priority over a conflicting interest of a mortgagee or other lien encumbrancer, or the owner of the real property upon which the manufactured home became affixed or otherwise permanently attached.

Okla.Stat.Ann. tit. 47, § 1110(A)(1) & (E) (1998 Supp.) (emphasis added). Subsection (E) was added to the statute in 1988. *See* 1988 Okla.Sess.Laws, ch. 167, § 2, p. 723, 728 (eff. May 24, 1988). The substance of the portions quoted above has not changed since, not even in an amendment that took effect on November 1, 1999. *See* 1999 Okla.Sess.Laws, ch. 92, § 3, pp. 401, 404–07. The emphasized portions of subsection (E) clearly state that liens on manufactured or mobile homes can be perfected under the statute. Consequently, such homes must be "vehicles" covered by § 1110 and perfection of liens on them is excluded from the UCC by § 9–302(1)(i). Greenpoint simply ignores subsection (E) and makes arguments concerning other statutes that leave more room for doubt on the question whether the Oklahoma legislature intended for manufactured or mobile homes to be "vehicles" under § 1110; the creditor offers no other possible meaning for the emphasized portions of subsection (E). Consequently, we conclude we must reject Greenpoint's as-

sertion that such homes are not "vehicles" under these statutes.

In the past, at least two cases applying Oklahoma law have ruled that manufactured or mobile homes are "vehicles" covered by § 1110 or its predecessor. *Shelter America Corp. v. Ray*, 800 P.2d 743, 745–46 (Okla.App.1990) (lien on mobile home properly perfected in 1981 as lien on vehicle); *In re Gray*, 40 B.R. 429, 431–34 (Bankr.W.D.Okla.1984) (predecessor to § 1110 applied to manufactured or mobile home). Despite Greenpoint's argument to the contrary, we see no changes made to § 9–302 or § 1110 that should alter the conclusion reached in these Oklahoma Decisions.

### III. Conclusion

For the reasons stated, the bankruptcy court's decision is hereby AFFIRMED.