**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  BETTY ANN EARLS,

Debtor.

_____

JOSEPH Q. ADAMS, Trustee,

      Plaintiff-Appellee,

v.

GREENPOINT CREDIT
CORPORATION, INC.,

      Defendant-Appellant.

No.  00-7003
(BAP No. EO-99-061)
(Bankruptcy Appellate Panel)

ORDER AND JUDGMENT  *

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Greenpoint Credit Corp. appeals the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's decision authorizing the bankruptcy trustee to avoid Greenpoint's lien as a preference. We affirm.

The debtor bought a manufactured home in November 1998, and the dealer assigned its security interest to Greenpoint. On February 1, 1999, Greenpoint filed a lien entry form with a motor license agent of the Oklahoma Tax Commission, and on March 16, 1999, the debtor filed her bankruptcy petition.

The bankruptcy trustee sued Greenpoint under 11 U.S.C. § 547, seeking to avoid its lien as a preference. He argued that the lien was perfected when Greenpoint filed the lien entry form, pursuant to Okla. Stat. tit. 47, § 1110(A)(1), which was within ninety days of the petition. Greenpoint argued that the manufactured home was a consumer good and thus its security interest was automatically perfected under Okla. Stat. tit. 12A, § 9-302(1)(d). The bankruptcy court held that because the manufactured home was a "vehicle" pursuant to § 1110(A)(1), Greenpoint's security interest in the home was not perfected until the lien entry form was delivered to the motor license agent. On this basis, the bankruptcy court held the lien was avoidable as a preference. The bankruptcy appellate panel affirmed, and this appeal follows.

The sole issue in this case is whether, under Oklahoma law, a manufactured home is a vehicle, as defined in Okla. Stat. tit. 47, § 1110, which requires that a lien entry form be filed to perfect a security interest. We review this question of state law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991) (holding federal court determination of state law is reviewed de novo).

Greenpoint argues that its security interest was perfected automatically upon purchase, pursuant to Okla. Stat. tit. 12A, § 9-302(1)(d), which provides that a purchase money security interest in consumer goods is automatically perfected unless the collateral is "a vehicle as provided in paragraph (i) of this subsection." Paragraph (i), in turn, provides that a financing statement need not be filed to perfect a security interest "in a vehicle as defined in Section 1110 of Title 47 of the Oklahoma Statutes for which a certificate of title may be properly issued by the Oklahoma Tax Commission, except as otherwise provided for in Section 1110 of Title 47." Okla. Stat. tit. 12A, § 9-302(1)(i). Section 1110 of title 47 states:

> A. 1. Except for a security interest in vehicles held by a dealer . . . and a vehicle being registered in this state which was previously registered in another state and which title contains the name of a secured party on the face of the other state certificate or title, a security interest, as defined in Section 1-201 of Title 12A of the Oklahoma Statutes, in a vehicle as to which a certificate of title may be properly issued by the Oklahoma Tax Commission shall be perfected only when a lien entry form, and the existing certificate of title, if any, or application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the security agreement and the required fee are delivered to the Commission or to a motor license agent. . . . For the

purposes of this section, the term "vehicle" shall not include special mobilized machinery, machinery used in highway construction or road material construction and rubber-tired road construction vehicles including rubber-tired cranes. The filing and duration of perfection of a security interest, pursuant to the provisions of Title 12A of the Oklahoma Statutes, including, but not limited to, Section 9-302 of Title 12A of the Oklahoma Statutes, shall not be applicable to perfection of security interests in vehicles as to which a certificate of title may be properly issued by the Commission.

. . . .

E. The priority of a valid security interest in a manufactured home, including without limitation a mobile home or sectional home, perfected pursuant to this section, shall not be affected by reason of the manufactured home becoming a fixture or otherwise being permanently attached to real property after the date of perfection of the security interest. A security interest in a manufactured home perfected pursuant to this section shall have priority over a conflicting interest of a mortgagee or other lien encumbrancer, or the owner of the real property upon which the manufactured home became affixed or otherwise permanently attached.

Okla. Stat. tit. 47, § 1110(A) & (E). In addition, a manufactured home must be registered with the Oklahoma Tax Commission or a motor license agent, who issues a certificate of title and a license plate for the manufactured home. See id., at §§ 1113, 1117.

The bankruptcy court and the bankruptcy appellate panel both held that Okla. Stat. tit. 47, § 1110(E), as quoted above, demonstrated that a manufactured home was considered a vehicle, requiring perfection of a security interest in the manner specified by § 1110. We agree that this is the most logical construction of § 1110, and note that any other interpretation would make § 1110(E) meaningless, which is contrary to well known rules of statutory construction.

-4-

See, e.g. , Smith v. Midland Brake, Inc. , 180 F.3d 1154, 1161 (10th Cir. 1999) (en banc); Gray v. State ex rel. State Election Bd. , 962 P.2d 1, 3 (Okla. 1998). In addition, the Oklahoma Court of Appeals has held that § 1110 is the authority under which a security interest in a mobile home must be perfected, noting that the mobile home is considered a "vehicle." See Shelter Am. Corp. v. Ray , 800 P.2d 743, 745 (Okla. Ct. App. 1990). Although a portion of that decision has been superceded by statute, the court's analysis under § 1110 remains good law.

Greenpoint does not really address the meaning of § 1110(E), arguing instead that the definition of a "vehicle" in section 1102(29) of title 47 of the Oklahoma statutes excludes manufactured homes. That section defines a "vehicle" as:

> any type of conveyance or device in, upon or by which a person or property is or may be transported from one location to another upon the avenues of public access within the state [but] does not include bicycles, trailers except travel trailers and rental trailers, or implements of husbandry as defined in Section 1-125 of this title.

Okla. Stat. tit. 47, § 1102(29). This definition does not necessarily exclude manufactured homes, however, as many of these are equipped with wheels which permit them to be transported from one location to another. See In re Gray , 40 B.R. 429, 431, 434 (Bankr. W.D. Okla. 1984) (construing a former version of statute which defined vehicles as "'[e]very device, in, upon, or by which any person or property is or may be transported or drawn" to include mobile home).

The definition section at the beginning of title 47 supports this conclusion, providing that the term "'[m]anufactured home' means and includes every *vehicle* defined as a manufactured home as defined in Section 22.1 [now section 1102] of this title." Okla. Stat. tit. 47, § 1-123 (emphasis added).

Based on these statutes, we conclude the bankruptcy court held correctly that the debtor's manufactured home was a "vehicle" requiring Greenpoint to file a lien entry form to perfect its security interest in the collateral. As Greenpoint filed its lien entry form within ninety days of the debtor's bankruptcy petition, the bankruptcy court correctly held the lien avoidable as a preference.

The judgment of the United States Bankruptcy Appellate Panel is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge