Froessel, J.
This litigation stems from a statute, underlying which is an attempt to secure reimbursement from trailer dwellers for some share of the expense of providing them with police and fire protection, educational facilities and the various other services rendered by a municipality to persons residing within its confines. By making his more or less permanent home in a trailer, an individual could derive the benefit of all the services provided by the local government, while leaving the burden of paying for them upon his neighbors who lived in more conventional type dwellings. Although the inequities of this situation were readily apparent, as all the cases on the subject agree, there was seemingly no solution of the problem since the New York State tax against personal property had been repealed (L. 1933, eh. 470; Tax Law, § 3), and trailers, of course, were traditionally considered to be personalty.
In 1952, however, the Assessors of the Town of Vestal proceeded to tax trailers, which were then located in a local trailer park, as real property. The owners of the land were assessed for the value of the trailers, despite the fact that none of the trailers was owned by them. In a proceeding to review the assessment, the court held that it was improper to classify a trailer as real property and declared the assessment illegal (Matter of Stewart v. Carrington, 203 Misc. 543). Although fully aware that the greatly expanding trailer population imposes “ severe financial burdens on the localities involved ”, the court noted that “Legislation is the proper recourse to pursue ” (203 Misc., at p. 546).
A little more than a year after this decision was rendered, the Legislature responded by the enactment of chapter 726 of the Laws of 1954, which added a new subdivision 6-a to section 2 of the Tax Law.[1] It provided that the terms “land”, “real, estate ”, and “real property ”, as used in the Tax Law, shall ‘ ‘ include all the forms of housing which are * * * corn *537 monly called * * * ‘ trailers except (1) transient trailers which have been located within the boundaries of a tax district for less than sixty days and (2) trailers which are for sale and which are not occupied. ■ b. Trailers shall be assessed to the owners of the real property on which they are located.”
Although repealed since the institution of this litigation, the substance of subdivision 6-a is presently contained in section 102 (subd. 12, par. [g]) of the Beal Property Tax Law. The new section, however, no longer provides that the trailers “ shall be assessed to the owners of the real property on which they are located ’ ’. Bather, it now provides that ‘ ‘ The value of any trailer or mobile home shall be included in the assessment of the land on which it is located; provided, however, that if either the trailer or mobile home or the land on which it is located is entitled, to any exemption * * *, such trailer or mobile home shall be separately assessed in the name of the owner thereof ” (Beal Property Tax Law, § 102, subd. 12, par. [g]).
The present statute is in effect a re-enactment (see Beal Property Tax Law, § 1602, subd. 5) of former subdivision 6-a of section 2 of the Tax Law. While it now directs the assessment against the land instead of against the owner of the land, section 304 of the Beal Property Tax Law (formerly Tax Law, § 9) reads now virtually as it did then, namely, that ‘ ‘ All assessments shall be against the real property itself ”. We are therefore of the opinion that the Legislature intended us to read the original statute as it was re-enacted.
Plaintiffs, two membership corporations composed of owners of trailer parks, and an individual owner of a trailer park, sought a judgment declaring chapter 726 of the Laws of 1954 unconstitutional on the ground that it deprives them of their property without due process of law. The trial court (1) concluded that the plaintiffs lacked standing to attack the constitutionality of the statute (Tax Law, § 2, former subd. 6-a); (2) nevertheless, he passed upon the merits, declared the statute to be constitutional, and (3) dismissed the complaint. The Appellate Division found that the individual plaintiff had the requisite standing to attack the constitutionality of the statute and reversed so much of the judgment below as dismissed the complaint, while unanimously affirming the determination on the merits. It is from this determination that the appeal to us has been taken.
*538 Plaintiffs on this appeal contend that (1) a trailer may not be properly classified as real property for tax purposes; (2) the statute is “ambiguous and unconstitutional”; and (3) the statute is so indefinite as to be incapable of equitable and proper enforcement. The initial question presented for our determination is whether the Legislature has the power to classify trailers as real property for purposes of taxation. The answer under the authorities must be in the affirmative.
In People ex rel. Holmes Elec. Protective Co. v. Chambers (1 N Y 2d 760) we held that the relator’s switchboards and other wiring and equipment located in its own central office and on its subscribers’ premises were properly assessed as taxable real property under the specific provision of subdivision 6 of section 2 of the Tax Law, which declared the terms “land”, “real estate ” and “ real property ” to include, for tax purposes, “ all telegraph lines, wires, poles and appurtenances ”.
Similarly, in Matter of New York Tel. Co. v. Ferris (257 App. Div. 415, 417, affd. 282 N. Y. 667), we affirmed a determination that telephone switchboards and other equipment were properly taxable as real property, despite a finding that such equipment was readily removable from the building in which it was housed without damage to either the property or the building. It was unnecessary for us to consider the character of the equipment at common law, since the statute designated this particular type of property as realty for tax purposes and, as the Appellate Division correctly noted, where the Tax Law has set up a standard of its own, it must govern (see, also, Wagner v. Mallory, 169 N. Y. 501; Matter of Hazelwood Oil Co., 195 App. Div. 23).
Plaintiffs’ attempt to distinguish these cases on the ground that they involved “property attached to the freehold” is untenable. In each of them the property involved, absent the statutory classification, would normally be considered as personalty and could readily be removed from the premises. Moreover, while the trailers here are being utilized as residences, and thus remain stationary, they too are “ attached to the freehold Their water supply flows through a copper tube attached to the park outlet on the ground; they are connected to the park sewage system; gas, electricity and telephone connections are required to be made; and, although on wheels, many of the trailers have *539 blocks set under them so that they will be level. Thus there is a rational basis for the legislative classification (see Ætna Life Ins. Co. v. Aird, 108 F. 2d 136; Corning v. Town of Ontario, 204 Misc. 38, 40).
Since trailers may thus properly be classified as real property for purposes of taxation, we turn to the next question: May they be assessed against the real property on which they are located?
The statute, as we have seen above, seeks to include the value of the trailer in the assessment of the land and improvements thereon. In this respect the situation presented is no different from that involved in any case where a lessee erects a building or other improvement on the realty of his landlord. "Where the fee is privately owned, the real property tax attaches to the combined interests of all the parties interested in the land and the improvements thereon (Matter of Fort Hamilton Manor v. Boyland, 4 N Y 2d 192, 198). Although the fee owner will, in such a situation, of course, be required to pay a higher tax than if the land were vacant, he ‘ ‘ ‘ will also protect himself by some stipulation in the lease against the increased taxation, and will in effect put the payment of it upon the lessee 7 77 (People ex rel. Van Nest v. Commissioners of Taxes, 80 N. Y. 573, 577). So too in the instant situation, the trailer park owner has the means at his disposal, by way of rent, to allocate the increased tax upon the owner of the trailer — the individual who rightfully should pay for it.
In Matter of Doughty v. Loomis (9 A D 2d 574, 575, affd. 8 N Y 2d 722) a landlord sought to compel the town assessors to assess separately the fee which he owned, and the buildings which had been erected thereon, and were owned by his lessees. The Appellate Division held: “ Since the assessment is against the land itself, and since the name of the owner is merely one part of identification, the validity of these assessments in which the actual title holder of the land is described as owner is not open to doubt. No requirement of any statute compels the assessors to trace and follow internal arrangements made between lessors and lessees as to who should pay the tax”. In affirming the decision below, we recognized that while this court has held on several occasions that land and buildings may *540 be separately assessed under certain circumstances,[2] neither case nor statute says that such a division must be made.
It is clear from the foregoing that the statute is not unconstitutional because -the aggregate tax assessed against the land is computed by reference to the value of the property of more than one owner.
Plaintiffs’ reliance upon Hoeper v. Tax Comm. (284 U. S. 206, 215) is misplaced. In the first place, it is readily distinguishable on its facts, involving as it does the validity of an income tax statute which sought to tax a husband upon the combined total of his and his wife’s income, and thus place him in a higher tax bracket. In that connection, the court noted that it was improper to “ measure the tax on one person’s property or income by reference to the property or income of another ” (284 U. S., at p. 215). Furthermore, in such a case the husband — unlike the trailer park owner—would have no means of recouping the additional tax resulting from the value of another’s property.
Plaintiffs additionally contend that the law is unconstitutional on its face because inequities may result from its application. In support of this contention, they refer to the hypothetical situations posed by the courts in Barnes v. Gorham (12 Misc 2d 285, 293-295), and Netu Yorh State Trailer Coach Assn. v. Steckel (208 Misc. 308, 312-313). The rather complete record before us, however, does not disclose that any of these fears has materialized, and it is clear that “ ‘ One cannot invoke to defeat a law an apprehension of what might be done under it and, which if done, might not receive judicial approval.’. (Lehon v. City of Atlanta, 242 U. S. 53, 56.) ” (Headley v. City of Rochester, 272 N. Y. 197, 204.)
Moreover, in Salzman v. Impellitteri (305 N. Y. 414, 420), a taxpayer’s action to enjoin the City of New York from entering into an agreement with the Transit Authority, and for a declaratory judgment, we held: 11 Whether the statutes will be constitutionally applied, or whether other constitutional questions, not now foreseeable, will arise, we cannot know in advance. Such *541 problems, if any, must be dealt with when presented.” If the statute is not properly administered, a proceeding may be brought to challenge the tax allegedly improperly assessed, and the action complained of may be reviewed (People v. Calvar Corp., 286 N. Y. 419, 421-422).
Finally, it must be remembered that the “ wisdom or fairness of the tax before us are not matters subject to our control or revision. We are only concerned with the power of the state to lay the tax ” (Harvester Co. v. Department of Taxation, 322 U. S. 435, 444; see, also, People ex rel. Hatch v. Reardon, 184 N. Y. 431, 443, 458, affd. 204 U. S. 152; Genet v. City of Brooklyn, 99 N. Y. 296, 306-307).
Accordingly, the judgment appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burice and Foster concur.
Judgment affirmed.

. The following memorandum accompanied the proposed hill: “ More and more, families in our state * * * are now residing in so-called house trailers. These families have children who are being educated in our schools and also demand police and fire protection, use our highways, courts and other governmental services. Present law does not provide an adequate means whereby these individuals may be assessed so that they pay their fair share of real estate taxes. This bill has been designed to correct this situation ” (Memorandum of Senator Warren M. Anderson, N. Y. Legis. Ann., 1954, p. 306).

. As, for example, when the fee is exempt from taxation —the situation provided for in section 102 (subd. 12, par. [g]) of the Real Property Tax Law. (See, also, Matter of Fort Hamilton Manor v. Boyland, 4 N Y 2d 192, 198, supra; People ex rel. Hudson Riv. Day Line v. Franck, 257 N. Y. 69.)