Morrie Slifkin, J.
Petitioner seeks a judgment determining that the part of the assessed value of his property repre *1018 senting the assessment made by respondents concerning an aboveground swimming pool be declared illegal and void.
The relevant facts have been stipulated by the respective parties together with a set of the plans and specifications of the swimming pool in question. Briefly stated, the vinyl lining of the swimming pool is suspended in U-shaped trusses with the burden of the vinyl lining resting upon a bed of sand. From these trusses, there is extended and built a fenced deck around the pool. The pool is served by a pump, filter, and skimmer which are operated by an electric line running from normal house current. No permanent connections exist for the purpose of providing water or any other service for the maintenance and operation of the pool. There is no permanent foundation or slab installed upon which the pool rests and there is no portion of the pool or its supports affixed or attached to the realty by means of poles driven into the ground or resting upon foundations. It is conceded that the pool is recreational in nature only and serves no other purpose.
The cost of the pool, including installation, is $4,770. It is installed by two men using ordinary tools in approximately 7 to 8 hours and can be disassembled by a two-man crew in 4 to 5 hours at a cost of $150. When disassembled, the pool may be transported within a radius of 50 miles for $80 and reassembling of the pool at the new site predicated upon normal topographical conditions is approximately $225. Further, the court is advised that in the four-year period preceding the instant proceeding, average sales of this type of pool were 350 pools per year and that normally, the vendor was called upon to move and reassemble 12 pools of the type in question per year.
Section 300 of the New York State Real Property Tax Law provides as follows: "All real property in the State shall be subject to real property taxation, special ad valorem levies and special assessments unless exempt therefrom by law. Notwithstanding any provision of this chapter or of any other general, special or local law to the contrary, personal property, whether tangible or intangible, shall not be liable to ad valorem taxation.”
Subdivision 12 of section 102 of the Real Property Tax Law reads as follows: " 'Real Property’, 'property’, or 'land’ mean and include: * * * (b) Buildings and other articles and struc *1019 tures, substructures and superstructures erected upon, under or above the land, or affixed thereto”.
The Legislature has the power to determine that certain types of property ordinarily characterized as personalty may, under certain conditions, be deemed real property within the meaning of section 300 above cited for the purpose of taxation (Real Property Tax Law, § 102, subd 12, pars [c], [d], [e], [f], [g]; New York Mobile Homes Assn. v Steckel, 9 NY2d 533). Absent such statutory definition, the court, under common-law doctrine, must look at the various characteristics of the personal property in question to ascertain whether in each such particular instance, it is or is not a part of the real property as defined in section 102 (subd 12, par [b]) above referred to.
The search of counsel and the court has failed to disclose a case squarely in point. The issue, however, has been considered at length by administrative agencies of the State of New York. Opinions issued by the State Board of Equalization and Assessment deal with very heavy and substantial apparatus and equipment dealing with movability (3 Opns Counsel St Bd of Equal Assessm No. 3-118 dealing with a tower 161 feet high and 35 feet in diameter; Opinion 3-74 dealing with a bank vault with a total weight of approximately 28,000 pounds; Opinion 3-30 dealing with a Harvestore silo constructed of heavy steel plates coated with glass and bolted together on a reinforced concrete foundation with a tonnage size up to 800 tons; 1 Opns Counsel St Bd of Equal Assessm No. 1-69 dealing with a storage cooler installed on metal skids resting on a concrete slab measuring 8 feet wide by 22 feet long by 8 feet high). In each of these instances citing cases, the administrative agency reaches the conclusion that their size and bulk require a finding that their installation is intended to be permanent despite the claim of movability or a minimal or no direct attachment to the realty. Clearly, none of the foregoing apply to the swimming pool here in question.
A polyethylene greenhouse, the supporting poles of which were driven into the ground, rather than being imbedded in concrete, was determined to be taxable real property based upon the finding of intent to be permanently installed (2 Opns Counsel St Bd of Equal Assessm No. 2-24). No such attachment to the realty is presently in the instant case nor can it be determined on the stipulated facts that an intent exists on the part of the owner of permanent installation.
Dealing specifically with the type of swimming pool in *1020 question, the State Comptroller and the State Board of Equalization and Assessment have reached substantially the same conclusion. In Opinion 67-605 (23 Opns St Comp, 1967, p 541) citing the criteria to determine whether personalty annexed to real estate becomes part of real property realty, as permanency of the annexation, adaptability of the personalty to the use of the freehold and intention of the parties at the time of annexation, the State Comptroller makes the distinction between a swimming pool of a permanent nature built into the ground not readily disassembled and therefore deemed a part of the realty, and a pool situated above the surface of the ground so as to be at least semiportable and determines that the latter is personalty and cannot be assessed as realty. The Counsel for the State Board of Equalization and Assessment (2 Opns Counsel St Bd of Equal Assessm No. 2-93) dealing with an aboveground pool, concluded "that these above-ground pools which consist primarily of plastic linings with braces, and possibly modest deck arrangements (even though of a very large size) are portable in nature and lack the degree of substance and permanency to be considered real property.” Thus, both opinions, when applied to the instant facts, support the conclusion that the pool here in question is not deemed a part of the realty within the meaning of section 102 (subd 12, par [b]) of the Real Property Tax Law.
Based upon an examination and consideration of the foregoing facts, as well as the discussions and the citations contained in the respective opinions above referred to, this court reaches the conclusion that this aboveground swimming pool, as its dimensions and use and its ability to be dismantled, removed and re-erected at a modest cost are stipulated in the foregoing facts, is not a part of the realty as that term is defined in the Real Property Tax Law of the State of New York and therefore, is not subject to taxation by the respondents.
The court, therefore, directs that judgment be entered in favor of the petitioner and against the respondents directing that the assessment of petitioner’s property as it appears on the respondents’ tax assessment records, be modified by striking therefrom that portion of the improvements to the realty allocated to the swimming pool in question.