Amos Bowman, J.
Petitioner in this tax certiorari proceeding is a community antenna television corporation which operates a cable television system in part of Manhattan.
Tried before the court was the issue of whether equipment belonging to petitioner situated on its own leased premises and on the premises of subscribers consisting of cables and appurtenances thereto are subject to taxation under section 102 (subd 12, par [d]) of the Real Property Tax Law as "Telephone and telegraph lines, wires, poles and appurtenances; supports and inclosures for electrical conductors and other appurtenances, upon, above and under ground”.
Petitioner raises the points: (1) that its cables are not telephone or telegraph lines within the meaning of the relevant taxing statute and accordingly that the cables and appurtenances thereto are not subject to real property taxation; (2) that taxation as real property of its cables and related equipment constitutes a denial of equal protection of the laws in that similar property of over-the-air telecasters is not taxed; and (3) that the tax assessed by respondents constitutes an impermissible burden on interstate commerce.
Petitioner claims that its cable television service does not constitute telegraphy or telephony and accordingly that its cables and related equipment are not taxable as telephone or telegraph lines and appurtenances thereto.
Petitioner argues that its services are distinct from those of telephone and telegraph companies in that telephone and telegraph companies provide facilities by which each subscriber can send as well as receive individual messages and which makes possible a theoretically infinite number of two- *137 way connections, whereas the services of petitioner consist only of the specific programs which petitioner transmits, which are identical for all subscribers, and which go in only one direction.
Petitioner points to several judicial determinations in New York and elsewhere which support petitioner’s contention including Quotron Systems v Gallman (39 NY2d 428) which applied the distinction urged by petitioner to hold that a stock-ticker service which provides one-way transmittal is not a utility for purposes of franchise taxation of utilities under section 186-a of the Tax Law, and New York State Cable Tel. Assn. v Tax Comm. of State of N. Y. (88 Misc 601), which held that cable television service is not telephony or telegraphy for purposes of imposing sales tax under subdivision (b) of section 1105 of the Tax Law.
However, for disposition of the case at bar, the cases cited by petitioner are not controlling. The Real Property Tax Law has a standard of its own for determining what, is personal property and what is real property. Thusly, the distinctions applicable to cases under other statutes are not necessarily applicable to the case at bar. (Matter of Crystal v City of Syracuse, Dept. of Assessment, 47 AD2d 29, affd 38 NY2d 883; New York Mobile Homes Assn. v Steckel, 9 NY2d 533, 538, app dsmd 369 US 150; Matter of New York Tel. Co. v Ferris, 257 App Div 415, 417, affd 282 NY 667.)
For purposes of the determination at bar the court must look to the physical characteristics of the property in issue rather than the commercial use to which the property is put. In so inquiring, the court finds that the cables by which petitioner transmits its programming are similar in their characteristics to telephone and telegraph lines. It is relevant that the record of the trial shows that petitioner’s cables are run through the same subway ducts as the lines of local telegraph and telephone companies. Petitioner’s cables are thusly subject to taxation as real property.
This case is analogous to Matter of New York Tel. Co. v Ferris (supra), which held that telephone lines were subject to real property taxation at a time when the wording of the relevant taxing statute provided only for taxation of "telegraph” lines and not "telephone and telegraph lines.”
This viewpoint is supported by recent holdings that easements worded as for the use of telephone and telegraph lines included as a permitted use the lines of a cable television *138 system. (Hoffman v Capitol Cablevision System, 52 AD2d 313; Quient v Long Is. Light. Co., NYLJ, Dec. 15, 1976, p 16, col 3.)
The contention of petitioner that it is being denied equal protection of the laws cannot be upheld. Petitioner’s equipment differs from that of over-the-air telecasters in that over-the-air television systems do not include cables running from the transmission point to the receiving point, as does that of petitioner, nor does petitioner’s system include a television transmitter and transmitting antenna as do those of the over-the-air telecasters. Thus the situations of the two types of entities are not identical.
Furthermore, even if petitioner’s contentions of identity of situation were correct, still the contention of denial of equal protection of the laws cannot be upheld as petitioner could show only the mere fact of nonenforcement of the taxing statute against others and not an intentional discrimination. (Matter of Di Maggio v Brown, 19 NY2d 283, 290.)
The contention of undue burden on interstate commerce likewise must fall. It is clear beyond the requirement of citation that the power of Congress to regulate interstate commerce does not prohibit a State or a political subdivision of a State from levying an ad valorem tax on real property in a nondiscriminatory fashion.
The court concludes that petitioner’s cables and appurtenances thereto are subject to taxation as real property for the years for which assessments have been made by respondents.