BELLE–AIRE VILLAGE, INC. and
Brooks McLemore, Attorney General of
the State of Tennessee, Appellants,

v.

Lowin GHORLEY, Appellee.

Supreme Court of Tennessee.

Dec. 15, 1978.

Higgins, Biddle & Chester, Athens, for appellant Belle-Aire Village, Inc.

David S. Weed, Asst. Atty. Gen., Nashville, for appellant Brooks McLemore, Jr., Atty. Gen. of Tenn.

Jerry N. Estes, Athens (Hutchins & Estes, Athens, of counsel), for appellee.

## OPINION

BROCK, Justice.

Belle-Aire Village, Inc., filed this action under the provisions of T.C.A., § 67–612, to recover from Lowin Ghorley, the sum of $47.85, representing property taxes paid to the City of Athens, in the sum of $17.60, and McMinn County, in the sum of $30.25, for the year 1975. These taxes were assessed against a mobile home owned by Ghorley and located on a lot which Ghorley leased from Belle-Aire Village, Inc., during the taxable year. These taxes had been paid by Belle-Aire Village pursuant to T.C.A, § 67–612, and Belle-Aire Village was seeking reimbursement from Ghorley, the owner of the mobile home, as authorized by that code section. Belle-Aire also sought a first lien on Ghorley's mobile home as authorized by the same code provision.

The case was filed in the General Sessions Court for McMinn County and, following its dismissal by that court, was appealed by Belle-Aire Village to the Circuit Court for McMinn County. In the circuit court, Belle-Aire sought to amend its complaint to seek a judgment for interest on the delinquent taxes and also a 10 percent attorneys fee for collecting delinquent taxes and for such other relief as it might be entitled to receive under T.C.A., §§ 67–1801 et seq., 67–1901 et seq., and 67–2001 et seq. Ghorley answered the complaint, denying that he owed any sum to Belle-Aire, and asserted that T.C.A., §§ 67–612, 67–1801 et seq., 67–1901 et seq. and 67–2001 et seq. were unconstitutional. The case was tried in the circuit court upon a stipulation of the facts and resulted in a judgment in favor of Belle-Aire Village, Inc., for the amount of the 1975 taxes paid on defendant Ghorley's mobile home. The circuit court, however, denied the plaintiff's prayer for the fixing of a first lien on the defendant's mobile home, holding that the portion of T.C.A., § 67–612, which provides for such a lien was unconstitutional because it is too vague, indefinite and ambiguous and would deprive the mobile home owner of property without due process of law. The Attorney General of Tennessee and Belle-Aire Village, Inc., have appealed to this Court and assert that the Circuit Court erred in holding that any portion of T.C.A., § 67–612, was unconstitutional.

T.C.A., § 67–612, represents an attempt by the Legislature to implement Article II, Section 28, of the Constitution of Tennessee which was proposed by the limited Constitutional Convention of 1971, approved by the people in an election on August 3, 1972, and became effective January

1, 1973. That portion of Article II, Section 28, which is pertinent here provides as follows:

> "House trailers, mobile homes, and all other similar movable structures, used for commercial, industrial, or residential purposes shall be assessed as real property as an improvement to the land where located."

The obvious purpose of this provision was to provide an effective manner for taxing mobile homes which had proliferated in the years immediately prior to the convention. The method chosen was to treat them as real property by taxing them as improvements to the land where located, thereby making such land liable for the taxes on the mobile homes.[1] *See New York Mobile Homes Association v. Steckel,* 9 N.Y.2d 533, 215 N.Y.S.2d 487, 175 N.E.2d 151, 86 A.L. R.2d 270 (1961).

Following the approval of Article II, Section 28, of the Constitution of Tennessee, the Legislature enacted T.C.A., § 67–612, which provides as follows:

> "Any movable structure and appurtenance which is attached to real property by virtue of being on a foundation, or being underpinned, or connected with any one utility service such as electricity, natural gas, water, or telephone shall be assessed for tax purposes as real property as an improvement to the land where located; however, in cases where said movable structures are attached to land occupied and used as trailer or mobile home parks where the owner of said land is renting spaces or lots for maintaining said movable structures, the owner of said movable structures shall be responsible for the additional tax imposed by reason of the improvement *and the owner of said land shall be granted a lien against said movable structure to secure the payment of said municipal and county taxes. Said lien shall constitute a first lien against said movable structure.* Any such tax shall be collectible by the owner of said mobile park on a fiscal year basis,

or in the alternative the owner of said mobile park shall have the right to collect said tax by the month on a pro rata share, along with any monthly rents due him . . . " (Emphasis added.)

■ One of the arguments advanced in the trial court was that the lien provided for the mobile home park owner against a mobile home was a "tax lien" which could constitutionally be granted only to the state, county or municipal government, not to a private citizen. It is our opinion, however, that the lien granted to the landowner is not a "tax lien." The lien is not granted to the state, county or municipal government but to the landowner. Neither does it secure the payment of taxes to a governmental entity; instead, it secures the landowner's claim for reimbursement against the owner of the mobile home for the amount of taxes on the mobile home which the landowner has already paid.

Since the lien in question is not a "tax lien," it follows that the owner of land used as a mobile home park is not entitled to the remedies and benefits provided by T.C.A., §§ 67–1801 *et seq.,* 67–1901 *et seq.* and 67–2001 *et seq.,* all of which deal with tax liens. Under the statutory scheme provided by T.C.A., § 67–612, the mobile home park owner is not the tax collector but is the taxpayer for the taxes due on the real property which includes taxes allocable to the mobile homes situated thereon. Only the government may take advantage of the provisions of T.C.A., §§ 67–1801 *et seq.,* 67–1901 *et seq.* and 67–2001 *et seq.*

■ The trial court, in large part, based its decision upon the conclusion that the lien provisions of T.C.A., § 67–612, if considered to be merely a statutory lien in favor of the landowner, as we have hereinabove concluded, were too vague to permit enforcement because no provisions were made for recording the lien or for a statute of limitations for enforcement of the lien, and that the uncertainties caused by these defects would severely diminish the value

---

**1.** A similar procedure in New York state was held to be constitutional against the claim that the procedure denied due process of law to mobile home owners.

of mobile homes, thereby depriving their owners of due process of law. We do not agree.

Statutes relating to the same subject matter should be construed together. *Brundige v. Alexander,* Tenn., 547 S.W.2d 232 (1976). We, therefore, should construe T.C.A, § 67–612, insofar as it pertains to a lien, in *pari materia* with T.C.A., § 64–2101, which provides for the enforcement of liens on personalty when no method of enforcing them is otherwise provided. When so construed, adequate means for enforcing the lien in question are provided. Although the mobile home is treated as real property for tax purposes, it is treated as personal property for purposes of allowing the lien in favor of the landowner, as provided by T.C.A., § 67–612. Therefore, there is no impediment to the employment of T.C.A., § 64–2101, for the enforcement of this lien, although T.C.A., § 64–2101, provides for the enforcement only of liens upon personal property.

The trial court also expressed fear that since the mobile home park owner is under no compulsion to enforce his "first" lien, nor to record it, the value of mobile homes may be adversely affected because of the confusion which will result concerning titles to such property. We do not consider it proper to attempt to foresee and to determine problems of priorities that might arise respecting the lien in question other than to point out that T.C.A., § 64–2101, which we hold herein provides the procedure for enforcement of the lien in question, does give ample protection to innocent purchasers for value.

We affirm the judgment of the trial court insofar as it allowed Belle-Aire Village, Inc., to recover from Lowin Ghorley the taxes paid by it, but, for the reasons hereinabove expressed, we reverse its conclusion that a lien in favor of Belle-Aire Village, Inc., should not be allowed and that the lien provisions of T.C.A., § 67–612, hereinabove quoted, was unconstitutional. Accordingly, this cause is remanded to the trial court for such further proceedings as

are consistent with this Opinion. Costs are adjudged against appellee, Lowin Ghorley.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.