**O.H. WILSON, Judge of the General Sessions Court of Johnson County, Plaintiff–Appellant,**

v.

**JOHNSON COUNTY, Tennessee, Defendant–Appellee.**

Supreme Court of Tennessee, at Knoxville.

June 13, 1994.

H.R. Fallin, Mountain City, for appellant.

William B. Hawkins, Grayson, Hawkins & Wright, Mountain City, for appellee.

William J. Harbison (Deceased), William L. Harbison, Sherrard & Roe, Nashville, for amicus curiae.

## *OPINION*

ANDERSON, Justice.

The determinative issue in this appeal is whether the General Sessions Judge for Johnson County, Tennessee, is entitled to receive a statutory salary supplement for exercising jurisdiction over mental health commitments. The Court of Appeals decided that the Sessions Court exercised mental health jurisdiction only by reason of its juvenile court jurisdiction. Since the Sessions Judge was being paid a salary supplement for exercising juvenile court jurisdiction, the Court of Appeals reasoned that the judge was not entitled to an additional supplement. We disagree and have determined that the plain language of the statute at issue requires that the Sessions Judge receive the additional supplement for mental health commitments because the jurisdiction was ob-

tained by operation of law.[1]  Accordingly, the Court of Appeals' judgment is reversed.

## BACKGROUND

The plaintiff, Judge O.H. Wilson, is a licensed attorney who was elected to the office of General Sessions Judge for Johnson County effective September 1, 1990.  Each sessions court judge is paid a base salary according to the class of population of the County.  On September 1, 1990, the salaries ranged from $70,000 for counties of the First Class having a population of more than forty-nine thousand (49,000) to $18,500 for counties of the Eighth Class having a population of less than five thousand (5,000).  Johnson County is classified as a county of the Sixth class,[2] and the plaintiff's annual base salary was set at $22,000.  The statute at issue provides that in counties of the Sixth Class, general sessions judges are also entitled to annual salary supplements, not to exceed $20,000, if the judge "has or by operation of law obtains" jurisdiction over other matters including juvenile, probate, domestic relations, workers' compensation, or mental health commitments.  Tenn.Code Ann. § 16–15–5003(c)(1) (Supp.1993).  The plaintiff exercises juvenile jurisdiction and, as a result, receives an annual supplement of $10,000.  Another statute, Tenn.Code Ann. § 33–3–603(b)(3) (Supp.1993), grants concurrent jurisdiction of mental health commitments to "[j]uvenile courts in proceedings held by judges who are lawyers or by referees."  By virtue of that statute and the fact that he is a licensed attorney, the plaintiff also exercises jurisdiction over mental health commitments.  When he claimed entitlement to the additional $10,000 supplement for exercising that jurisdiction, the Johnson County Commission voted against funding the request, despite opinions from the Attorney General and the County Attorney for Johnson County to the contrary.  The plaintiff thereafter filed this action for declaratory relief, seeking a judicial determination of his rights to the statutory supplement.

The trial court found in favor of the defendant, Johnson County, concluding that the plaintiff's jurisdiction over mental health commitments was derivative of his exercise of juvenile jurisdiction, for which he was already being compensated.  On appeal, the Court of Appeals, in a split 2–1 decision, affirmed the Chancellor.

## STATUTORY CONSTRUCTION

In this appeal, the plaintiff contends he is entitled to receive the salary supplement for exercising jurisdiction over mental health commitments because he obtained that additional jurisdiction *"by operation of law,"* pursuant to the statutes relating to juvenile and mental health commitment jurisdiction.  On the other hand, Johnson County argues that the lower courts were correct in concluding that the plaintiff is not entitled to the additional supplement because his exercise of jurisdiction over mental health commitments is derivative of his exercise of juvenile jurisdiction, for which he is already receiving a salary supplement.

Our role in construing statutes is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.  *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn.1993).  We must determine the legislative intent, whenever possible, from the plain language of the statute, "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning."  *National Gas Distribs. v. State,* 804 S.W.2d 66, 67 (Tenn.1991).  Moreover, statutes "in pari materia"—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute.  *Belle–Aire Vil-*

1. Tenn.Code Ann. § 16–15–5003(c)(1) (Supp. 1993).

2. Tenn.Code Ann. § 16–15–5001(a)(6) (Supp. 1993): "Counties having a population of more than ten thousand (10,000) but not more than nineteen thousand (19,000) shall constitute Counties of the Sixth Class...."  According to the 1990 census, Johnson County had a population of 13,766.  *See* Tenn.Code Ann. Vol. 13 (Supp.1993), at p. 234.

lage, Inc. v. Ghorley, 574 S.W.2d 723, 725 (Tenn.1978); Spence v. Miles Laboratories, Inc., 810 F.Supp. 952 (E.D.Tenn.1992). Finally, the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation. Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 4 (Tenn.1986).

■ Applying these well-settled rules, we begin the analysis of legislative intent with Tenn.Code Ann. § 16–15–5003(c) (Supp. 1993), which provides for sessions judge salary supplements for additional jurisdiction.

(c)(1) In addition to the base salary provided by subsection (a), if a general sessions judge in a Class 4, 5 or 6 county *has or by operation of law obtains* any of the following additional jurisdiction, he shall receive an annual supplement in the amounts indicated below:

(A) Juvenile jurisdiction . . . . . . . . . . . . . . . . . . 10,000
(B) Probate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,000
(C) Domestic relations . . . . . . . . . . . . . . . . . . . . 5,000
(D) Workers' compensation . . . . . . . . . . . . . . . . 5,000
(E) Mental health commitments . . . . . . . . . . . 10,000

(2) Regardless of the kind or amount of additional jurisdiction a Class 4, 5 or 6 judge may have, no such judge shall receive annual supplements in excess of twenty thousand dollars ($20,000).

(Emphasis added). The plain meaning of the phrase "by operation of law," as used in the salary statute, clearly requires that general sessions judges receive salary supplements, not to exceed $20,000, when by *statute,* they acquire jurisdiction over one of the enumerated areas of law.

■ The plaintiff obtained juvenile jurisdiction by virtue of Tenn.Code Ann. § 37–1–203 (1991), which provides:

The general sessions courts shall exercise *juvenile court jurisdiction* in all of the counties of this state except in the counties or municipalities in which juvenile courts are or may hereafter be specially provided by law; provided, that only general sessions court judges who are attorneys may order commitment to the department of youth development.

(Emphasis added). Likewise, the plaintiff obtained concurrent jurisdiction over mental health commitments by a statute which provides that such jurisdiction is vested in "[j]u-

venile courts in proceedings held by *judges who are lawyers* or by referees." Tenn.Code Ann. § 33–3–603(b)(3) (Supp.1993) (emphasis added).

Accordingly, the plaintiff, by virtue of being elected General Sessions Judge of Johnson County, obtained juvenile jurisdiction pursuant to statute or "by operation of law" because there is no special or separate juvenile court in Johnson County. Likewise, the plaintiff obtained jurisdiction over mental health commitments pursuant to statute, or "by operation of law."

Johnson County's contention that the plaintiff obtained jurisdiction over mental health commitments only because he exercises juvenile jurisdiction is flawed. Obviously, the two are related in that juvenile jurisdiction is *one* prerequisite to the exercise of jurisdiction over mental health commitments. However, Johnson County's argument ignores the fact that there is a *second* prerequisite to obtaining jurisdiction over mental health commitments, and that is, the general sessions judge must be licensed to practice law.

Johnson County's interpretation of the salary statute reads into it a provision that denies a general sessions judge the salary supplement, if the additional jurisdictions obtained are interrelated. As we earlier observed, the Legislature is presumed to know the state of the law at the time legislation is passed. The jurisdictional statutes relating to juvenile and mental health commitments were in effect at the time the salary supplement statute was passed; yet the Legislature did not include the provision urged by Johnson County.

It is our view that under the plain language of the salary statute, any relationship between the listed jurisdictions is irrelevant to the determination of whether a general sessions court judge is entitled to the prescribed supplements. Instead, the statute provides a base salary, which is to be supplemented if the general sessions judge lawfully exercises jurisdiction over one or more of the classes of law enumerated in the statute. Each enumerated class of jurisdiction should be considered individually and separate from

the others listed. As long as a general sessions court judge is exercising jurisdiction over a class listed, the supplement applicable to that class of additional jurisdiction is appropriate, so long as the total of all supplements does not exceed $20,000.

Moreover, our interpretation is consistent with the principle of "in pari materia"—construing together statutes relating to the same subject. The overall legislative intent reflected in Title 16, Chapter 15 of the Tennessee Code, which established the general sessions courts, is to encourage attorneys to seek the office of general sessions court judge. For example, by statute effective September 1, 1990, all general sessions judges are now required to be licensed attorneys, with two exceptions: first, an incumbent, non-lawyer may run for re-election; and second, if no person licensed to practice law seeks the office, the vacancy may be filled by a non-attorney. Tenn.Code Ann. § 16–15–5005 (Supp.1993). In order to encourage attorneys to seek the office in smaller counties, including Johnson County, where the base salary is low, the statute provides that general sessions judges are part-time and are permitted to practice law or engage in other employment, unless it would constitute a conflict of interest. Tenn. Code Ann. § 16–15–5002(b) (Supp.1993). Since exercising additional jurisdiction would add to the workload of a general sessions judge, and thus cause him or her to forego other available employment, it is logical to conclude that the supplement is intended to be compensation not only for missed nonjudicial employment opportunities, but also for the increased judicial workload.

Because jurisdiction over mental health commitments may only be exercised by a general sessions judge who is a licensed attorney, it would contravene legislative intent to require general sessions judges who are licensed attorneys to assume an increased workload, "by operation of law," while denying any increased compensation. By contrast, when a non-lawyer general sessions judge is presented with an issue involving a mental health commitment, additional public funds are required to compensate a referee to determine the mental health question which the lay judge may not consider. Johnson County's sessions court history illustrates the point. Prior to 1990, a non-lawyer judge served in the post, who would be entitled to the same pay as the present lawyer judge, but who could not by law handle the additional workload of mental health commitments. Thus, the plain language of the statute, considered in the context of the statutory scheme, supports the plaintiff's claim of entitlement to the statutory salary supplement, including backpay to the time that he obtained jurisdiction over mental health commitments.

### CONCLUSION

Because Judge Wilson obtained jurisdiction over mental health commitments by "operation of law" within the meaning of Tenn. Code Ann. § 16–15–5003(c) (Supp.1993) when he assumed office on September 1, 1990, we conclude that he is entitled to the additional salary supplement of $10,000, including backpay to the date he assumed office. Therefore, we reverse the judgment of the Court of Appeals and remand to the trial court for entry of a judgment in favor of the plaintiff, including prejudgment interest on the award. Costs of this appeal are taxed to the defendant, Johnson County.

REID, C.J., and DROWOTA, O'BRIEN and BIRCH, JJ., concur.