IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2016 Session

## SETH ELLIOTT v. CITY OF MANCHESTER, TENNESSEE

**Appeal from the Circuit Court for Coffee County**
**No. 37423    Vanessa A. Jackson, Judge**
_____

**No. M2015-01798-COA-R3-CV – Filed July 24, 2017**
_____

An inmate of the Coffee County jail was injured when he fell off a truck being driven by another inmate while working on a detail for the City of Manchester. The inmate filed suit against the city and the county pursuant to the Tennessee Governmental Tort Liability Act to recover for alleged negligence on the part of the city and county. The inmate settled his claim against the county. The city moved to dismiss the suit on the ground that it was immune from suit because the inmate's recovery was limited to medical treatment for the injury he received; the court agreed and dismissed the suit. Discerning no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT, and KENNY W. ARMSTRONG, JJ., joined.

J. Patrick Kilgore, Nashville, Tennessee, for the appellant, Seth Elliott.

Aaron S. Guin, Nashville, Tennessee, for the appellee, the City of Manchester, Tennessee.

**OPINION**

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Seth Elliott, was serving a sentence at the Coffee County jail. On October 17, 2008, while performing work assignments on public property for the City of Manchester, Mr. Elliott fell from the bed of a pick-up truck and sustained head injuries. At the time of injury, the truck was being driven by another inmate, and the inmates were being supervised by a detective with the Manchester Police Department.

Mr. Elliott filed suit against the City of Manchester ("City") and Coffee County ("County") pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, et seq. ("GTLA"), in Coffee County Circuit Court to recover for alleged negligence that caused his injuries and damages. Mr. Elliott settled with the county and an Order of Compromise and Settlement was entered dismissing those claims with prejudice. In due course, Mr. Elliott filed an amended complaint, modifying the *ad damnum* clause of the original complaint; the City answered and moved to dismiss, asserting that the City was immune from suit under Tennessee Code Annotated section 41-2-123; the trial court agreed and dismissed the case.

Mr. Elliott now appeals, raising the following issues:

1. The Circuit Court erred by granting the Defendant/Appellee's motion to dismiss the Plaintiff/Appellant's negligence action pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted based on the Circuit Court's holding that the provisions of Tenn. Code Ann. § 41-2-123(d)(2) are controlling over the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, et seq.

2. The Circuit Court erred by holding that the Plaintiff/Appellant's claim for his medical expenses exceeding the amount paid by the Defendant/Appellee towards those expenses is barred by Tenn. Code Ann. § 41-2-123(d)(2).

The City restates the issues as follows:

1. If a prisoner of a county jail is injured while authorized to participate in a work detail for a municipality and on the municipality's property: (1) is the municipality immune from the prisoner's personal injury claims? And (2), is the municipality's exposure of liability limited to no more than medical treatment for the injury during the period of the prisoner's confinement?

2. Is Plaintiff entitled to recover as damages in a civil action the difference between the expenses medical providers charged for treatment of Plaintiff's injury during the period of his confinement and the amount the City paid to satisfy the expenses for Plaintiff's medical treatment?

## II. STANDARD OF REVIEW

A Tennessee Rules of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted challenges only the legal sufficiency of the

2

complaint, not the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A. et al.*, 986 S.W.2d 550, 554 (Tenn. 1999). For purposes of reviewing a motion to dismiss, this Court presumes all factual allegations in the complaint are true and resolves any reasonable inferences in favor of the plaintiff. *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). Thus, dismissal is granted only if it appears that the plaintiff can prove no set of facts in support of his claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital S.*, 566 S.W.2d 847, 848 (Tenn. 1978). Such a determination is a question of law; therefore, our review is *de novo*, with no presumption of correctness. *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013) (citing *Webb v. Nashville Area Habitat for Humanity*, 346 S.W.3d 422, 426 (Tenn. 2011)).

## III.   ANALYSIS

### A. APPLICABILITY OF THE GTLA

As a general rule, suits against the State may only be brought "in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. The GTLA, enacted in 1973, is premised explicitly on the absolute immunity of governmental entities. *City of Lavergne v. S. Silver, Inc.*, 872 S.W.2d 687, 690 (Tenn. Ct. App. 1993) (citing *Scates v. Board of Comm'rs of Union City,* 196 Tenn. 274, 265 S.W.2d 563 (1954)). In the performance of its governmental functions, a municipality is an arm or agent of the State and enjoys the same immunity. *Id.* Tennessee Code Annotated, section 29-20-201 provides in pertinent part:

> (a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.
>
> . . .
>
> (c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

The GTLA waives immunity, creating the right to sue "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment." Tenn. Code Ann. § 29-20-205.

Mr. Elliott argues that he is entitled to recover under the GTLA. The City counters that Tennessee Code Annotated, section 41-2-123(d)(2), enacted in 1983, is

controlling over the GTLA, and under the facts presented, the City is immune from suit. The statute provides:

> Except as provided in § 9-8-307,[1] neither the state nor any municipality, county or political subdivision of the state, nor any employee or officer thereof, shall be liable to any prisoner or prisoner's family for death or injuries received while on a work detail, other than for medical treatment for the injury during the period of the prisoner's confinement.

Tenn. Code Ann. § 41-2-123(d)(2).

To resolve this issue, we look to well-settled rules of statutory construction, beginning with that set forth by the Supreme Court in *Wilson v. Johnson Cty.*, 879 S.W.2d 807, 809–10 (Tenn. 1994):

> Our role in construing statutes is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn. 1993). We must determine the legislative intent, whenever possible, from the plain language of the statute, "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." *National Gas Distribs. v. State,* 804 S.W.2d 66, 67 (Tenn. 1991). Moreover, statutes "in pari materia"—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. *Belle–Aire Village, Inc. v. Ghorley,* 574 S.W.2d 723, 725 (Tenn. 1978); *Spence v. Miles Laboratories, Inc.,* 810 F. Supp. 952 (E.D. Tenn. 1992).

Moreover, in *Koella v. State ex rel. Moffett*, the Supreme Court determined that:

> Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.

---

[1] Tenn. Code Ann. § 9-8-307 is applicable only to certain claims against the State and does not apply to this case.

4

405 S.W.2d 184, 189 (Tenn. 1966) (citing *State ex rel. v. Safley*, 112 S.W.2d 831 (Tenn. 1938)).

Finally, we presume that the Tennessee General Assembly knows of its prior enactments and of the state of the law at the time it passes legislation. *Neff v. Cherokee Ins. Co.,* 704 S.W.2d 1, 4 (Tenn. 1986).

When the GTLA and Tennessee Code Annotated section 41-2-123(d)(2), are read in *pari materia*, the statutes appear to be in conflict. However, it is clear that Tennessee Code Annotated, section 41-2-123(d)(2), is directed toward the single subject matter of inmates who are injured while on a work detail, while section 29-20-205 of the GTLA applies to negligence claims against government employees generally. Applying the rules of construction, section 41-2-123(d)(2) is considered an exception to the provisions of the GTLA, and the immunity is not removed. This conclusion is supported by the presumption that, when the legislature enacted section 41-2-123(d)(2) in 1983, it was aware of the GTLA.

We accordingly conclude that Tennessee Code Annotated section 41-2-123(d)(2), operates to remove immunity in cases where an inmate is injured while participating on a work detail but only to the extent of medical bills; it thus controls over the more general provisions of the GTLA. As a result, Mr. Elliott is not entitled to recover under the GTLA, and the trial court properly dismissed his claim.

### B. MEDICAL EXPENSES

Pursuant to Tennessee Code Annotated section 41-2-123(d)(2), a municipality is liable to a prisoner for "*medical treatment* for the injury during the period of the prisoner's confinement" (emphasis added) when injuries are sustained while on a work detail.

Mr. Elliott argues that, pursuant to Tennessee Code Annotated section 41-2-123(d)(2) and the collateral source rule, he is entitled to recover $51,099.79, the difference between the total amount of his medical bills, $143,104.13, and the negotiated amount that the City paid, $92,004.34. The collateral source rule, which this Court adopted in *Fye v. Kennedy*, from the Restatement (Second) of Torts (1977) § 920A(2), provides that "[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable." 991 S.W.2d 754, 763 (Tenn. Ct. App. 1998)

The rule is inapplicable here; as we have held, Tennessee Code Annotated section 41-2-123(d)(2), controls this case. Strictly construing the statute, as we are required to do, the City is only liable to Mr. Elliott, if at all, for medical treatment during the period

5

of his confinement.  Mr. Elliott does not dispute that the City paid his medical expenses and that there is no outstanding balance owed to providers.  The City has complied with section 41-2-123(d)(2) and satisfied its liability to him, and Mr. Elliott is not entitled to recover additional damages.

## IV.    CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE