IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2016 Session

## TERRY JUSTIN VAUGHN v. CITY OF TULLAHOMA, ET AL.

**Appeal from the Circuit Court for Coffee County**
**No. 42013    Vanessa A. Jackson, Judge**
_____

**No. M2015-02441-COA-R3-CV – Filed July 21, 2017**
_____

An inmate of the Coffee County jail was injured while working on a detail for the City of Tullahoma in a cemetery; he filed suit against the City and County pursuant to the Tennessee Governmental Tort Liability Act to recover for asserted negligence that caused his injury. The defendants moved for summary judgment on the grounds that each was immune from suit because liability was limited by Tennessee Code Annotated, section 41-2-123, to the inmate's medical expenses, which had been paid. The trial court granted the motions and dismissed the case. The inmate appeals; discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

J. Brad Hannah, Smithville, Tennessee, for the appellant, Terry Justin Vaughn.

Darrell G. Townshend, Nashville, Tennessee, for the appellee, Coffee County.

Aaron S. Guin, Nashville, Tennessee, for the appellee, City of Tullahoma.

### OPINION

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Terry Vaughn, was serving a sentence at the Coffee County Jail. On May 14, 2014, while performing lawn care under the supervision of the City of Tullahoma ("City") at a cemetery owned by the City, Mr. Vaughn sustained serious and permanent injuries when a concrete gravestone fell and crushed his leg.

Mr. Vaughn filed suit against the City and Coffee County ("County") in the Circuit Court for Coffee County, pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et seq.* Both the City and County asserted several defenses, including that each was immune pursuant to Tennessee Code Annotated section 41-2-123. The City asserted that the statute controlled over the GTLA, and that because the City had paid for Mr. Vaughn's medical treatment during his confinement, Mr. Vaughn is barred from any additional recovery. In due course, the City and County moved for summary judgment; the trial court granted the motions, holding that the specific provisions of section 41-2-123 controlled, and that, inasmuch as there was no dispute that Mr. Vaughn's medical expenses had been paid, he could not recover further.

Mr. Vaughn appeals, raising the following issue: "Whether the trial court erred in granting the defendants' motions for summary judgment by finding that Tenn. Code Ann. § 41-2-123 controls this negligence action rather than Tennessee's Governmental Tort Liability Act."

## II.    STANDARD OF REVIEW

This case was resolved on a motion for summary judgment. A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

## III.   ANALYSIS

### A. APPLICABILITY OF THE GTLA

As a general rule, suits against the State may only be brought "in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. The GTLA, enacted in 1973, is premised explicitly on the absolute immunity of governmental entities. *City of Lavergne v. S. Silver, Inc.*, 872 S.W.2d 687, 690 (Tenn. Ct. App. 1993) (citing *Scates v. Board of Comm'rs of Union City,* 196 Tenn. 274, 265 S.W.2d 563 (1954)). In the performance of its governmental functions, a municipality is an arm or agent of the State and enjoys the same immunity. *Id.* Tennessee Code Annotated section 29-20-201 provides in pertinent part:

2

(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

. . .

(c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

Thus, section 29-20-201(c) of the GTLA waives immunity, creating the right to sue, in very specific instances.

Mr. Vaughn argues that he is entitled to recovery under the GTLA and that, in the event of a conflict with any other law, the GTLA controls. Mr. Vaughn contends that the GTLA is a comprehensive statutory scheme with all exceptions, none of which apply to this case, listed therein, and that his injury and the circumstances giving rise to it are specifically included in sections 29-20-204 and 29-20-205. Both the County and City argue that Tennessee Code Annotated section 41-2-123(d)(2) controls over the GTLA. The County and City accordingly assert that they are immune from suit, and Mr. Vaughn is not entitled to recovery because his medical bills have been paid.

To resolve this issue, we look to well-settled rules of statutory construction, beginning with those that the Supreme Court set forth in *Wilson v. Johnson Cty.*, 879 S.W.2d 807, 809–10 (Tenn. 1994):

Our role in construing statutes is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn. 1993). We must determine the legislative intent, whenever possible, from the plain language of the statute, "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." *National Gas Distribs. v. State,* 804 S.W.2d 66, 67 (Tenn. 1991). Moreover, statutes "in pari materia"—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. *Belle–Aire Village, Inc. v. Ghorley,* 574 S.W.2d 723, 725 (Tenn. 1978); *Spence v. Miles Laboratories, Inc.,* 810 F. Supp. 952 (E.D. Tenn. 1992).

In *Koella v. State ex rel. Moffett*, 405 S.W.2d 184, 189 (Tenn. 1966) (citing *State ex rel. v. Safley*, 172 Tenn. 385 (1938)), the Supreme Court determined that:

> Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.

Finally, we presume that the Tennessee General Assembly knows of its prior enactments and of the state of the law at the time it passes legislation. *Neff v. Cherokee Ins. Co.,* 704 S.W.2d 1, 4 (Tenn. 1986).

Mr. Vaughn asserts that the circumstances giving rise to his injury are expressly addressed in Tennessee Code Annotated sections 29-20-204 and 29-20-205. Section 29-20-204 states:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302.

Section 29-20-205 states that, with certain exceptions, "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]" Section 41-2-123(d)(2) provides:

> Except as provided in § 9-8-307,[1] neither the state nor any municipality, county or political subdivision of the state, nor any employee or officer thereof, shall be liable to any prisoner or prisoner's family for death or injuries received while on a work detail, other than for medical treatment for the injury during the period of the prisoner's confinement.

When the provisions of the GTLA and section 41-2-123(d)(2) are read *in pari materia*, the statutes appear to be in conflict. However, it is clear that section 41-2-123(d)(2) is specific in its application to inmates who are injured on a work detail, while

---

[1] Tennessee Code Annotated section 9-8-307 is applicable only to certain claims against the State, none of which are at issue in the present case.

the sections of the GTLA at issue in this case, sections 29-20-204 and 29-20-205, apply more generally to, respectively, dangerous structures or conditions on public property and negligence of governmental employees. We accordingly find the statutes are not in conflict and consider section 41-2-123(d)(2) to be an exception to the provisions of the GTLA. This conclusion is supported by the presumption that, when the Legislature enacted section 41-2-123(d)(2) in 1983, it was aware of the GTLA. We therefore conclude that section 41-2-123(d)(2) operates to remove immunity in cases where an inmate is injured while working on a detail, but only as it pertains to liability for medical treatment, and controls over the more general provisions of the GTLA. As a result, Mr. Vaughn is not entitled to recover under the GTLA.

Our holding in this regard disposes of Mr. Vaughn's argument that issues of material fact relative to negligence on the part of the City and County were properly pled and precluded the grants of summary judgment.[2] As Mr. Vaughn notes, these questions relate to liability under the GTLA. Inasmuch as we have determined that the GTLA does not control the resolution of this case, the facts Mr. Vaughn addresses are not material to the question of whether, under the facts presented, the City and the County are entitled to judgment.

### B. MEDICAL EXPENSES

Andy Farrar, Purchasing Officer for Coffee County, filed an affidavit in which he states that the County paid all of Mr. Vaughn's medical expenses during incarceration and some expenses after Mr. Vaughn's release, totaling $10,053.56. The Affidavit of Susan Wilson, Finance Director for the City, states that the City reimbursed the County in the amount of $5,686.50. Mr. Vaughn does not dispute the affidavits or contend that there are any unpaid expenses incurred during his period of incarceration. The evidence shows that the County and City have complied with section 41-2-123(d)(2), and Mr. Vaughn is not entitled to recover additional damages.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

RICHARD H. DINKINS, JUDGE

---

[2] These matters are set forth in the Statements of Material Fact that Mr. Vaughn filed in accordance with Tennessee Rule of Civil Procedure 56.03.